No. 767

First Circuit

CANULETTE SHIPBUILDING CO., INC., v. HURSEY TRANSPORTATION CO., INC.

(March 3, 1931. Opinion and Decree.)
(May 5, 1931. Rehearing Refused.)
(June 22, 1931. Writs of Certiorari and Review Refused by Supreme Court.)

L. V. Cooley, Jr., of Slidell, attorney for plaintiff, appellee.

S. W. Provensal, Jr., of Slidell, attorney for defendant, appellant.

ELLIOTT, J. Canulette Shipbuilding Co., Inc., alleges that it was required by Bank of Slidell to pay a note for $1,000, on which it was the indorser, but of which Hursey Transportation Company, Inc., was the maker; that, having paid the note in conformity with its obligation as indorser, Hursey Transportation Company, Inc., is. indebted to. it for the amount paid, with interest and attorney's fees as stipulated in the note.

The note in question is annexed to, and made part of, the petition.

Hursey Transportation Company, Inc., defendant, excepted to plaintiff's petition on the ground that it did not disclose cause or right of action, for the reason that defendant, while apparently maker of the note, was not the maker, but was in truth and in fact the indorser, and the plaintiff, the maker.

The court, acting on the face of the petition, overruled the exception of no cause of action, but heard evidence in support of the exception that the petition disclosed no right of action, and, after hearing evidence, overruled it. The defendant, reserving its rights under the exceptions mentioned, then answered, admitting that it made and executed the note in question, but claimed that, as between plaintiff and defendant, the plaintiff had received the consideration and was the prior obligor.

It denied that plaintiff was an accommodation indorser for defendant. It admitted that it did not pay the note, and that plaintiff did pay the amount due on the note to the bank; alleges that plaintiff negotiated the note, obtained the money for same, and that, when it paid the note, the note was discharged, and there was no obligation on defendant to pay same.

The present suit No. 5573 was consolidated and tried together with the suit for $2,000, No. 5574 on the docket of the lower court, brought by the same plaintiff against the same defendant. 132 So. 772. The two cases are dependent on the same law and facts. The defendant filed the same exception in suit No. 5574, and the court acted on it in the same way. There was judgment in each case in favor of the plaintiff as prayed for. In each case defendant has appealed. Both cases have been submitted to us at the same time.

What defendant calls an exception of no right or cause of action is not really such, but a defense on the merits, and, to the extent of the averments therein contained, constituted an answer.

The facts show that Hursey Transportation Company, Inc., became indebted to Canulette Shipbuilding Company, Inc., on an open account, which it settled by giving two notes, one for $1,174.24 and another for $3,877.80. The bookkeeper and manager of Hursey Transportation Company, Inc., obtained the note forms of Bank of Slidell, and wrote the notes, making same in that way payable to the Bank of Slidell. Hursey Transportation Company, Inc., acting through its president, then signed the notes, and its manager-bookkeeper delivered them to Canulette Shipbuilding Company, Inc., in settlement of its account. Canulette Shipbuilding Company, Inc., accepted the notes in settlement of its account, indorsed them, and delivered them to Bank of Slidell, receiving credit for the proceeds.

Hursey Transportation Company, Inc., as maker, then made payments to the bank on each note, reducing the note for $1,174.24 to $1,000, and reducing the note for $3,877.80 to $2,000. Bank of Slidell then required new notes, and Hursey Transportation Company, Inc., acting through its manager-bookkeeper, using the note forms of the bank, wrote up the notes sued on, which Hursey Transportation Company, Inc., acting through its president, signed for the purpose stated and delivered to Canulette Shipbuilding Company, Inc. Canulette Shipbuilding Company, Inc., then indorsed said notes and returned them to the Bank of Slidell. Bank of Slidell required plaintiff's indorsement as a prerequisite to receiving them, and giving Canulette Shipbuilding Company, Inc., credit for the amount which the notes called for. The notes not being paid at maturity, Bank of Slidell called on Hursey Transportation Company, Inc., for payment. Not receiving payment, it then called on Canulette Shipbuilding Company, Inc., to make good the amount it had received on the notes. Canulette Shipbuilding Company, Inc., made good the amount, and the present suits followed.

There is no dispute about the important facts. Hursey Transportation Company, Inc., received from Canulette Shipbuilding Company, Inc., full consideration for the notes in the way stated. The maker of a negotiable instrument, by making it, engages to pay it according to its tenor. Act No. 64 of 1904, sec. 60.

Canulette Shipbuilding Company, Inc., received no value for its indorsement from Hursey Transportation Company, Inc. It indorsed the notes for purposes of its own to make them acceptable to the bank, therefore, when Hursey Transportation Company, Inc., failed to pay the notes, Canulette Shipbuilding Company, Inc., having by its indorsement bound itself on the notes to the bank, it was obligated to make good to the bank the sum it had received on the notes. And, having complied with its obligation to the bank, it was legally subrogated to the rights of the bank against the maker of the note. Civil Code, art. 2161, par. 3. It has the right of the bank to recover of the maker the amount called for by the notes.

In fact, as these notes represent the amount which the defendant owed the plaintiff on open account, unless it collects the amount due thereon from the defendant, it will not have in fact truly received the amount due it on the account, in settlement of which the notes were given.

The judgment appealed from is correct.

Judgment affirmed; defendant and appellant to pay the cost in both courts.