### No. 768

### First Circuit

—

### CANULETTE SHIPBUILDING CO., INC., v. HURSEY TRANSPORTATION CO., INC.

—

(March 3, 1931. Opinion and Decree.)
(May 5, 1931. Rehearing Refused.)
(June 22, 1931. Writs of Certiorari and Review Refused by Supreme Court.)

—

(*No Syllabus*)

L. V. Cooley, Jr., of Slidell, attorney for plaintiff, appellee.

S. W. Provensal, Jr., of Slidell, attorney for defendant, appellant.

ELLIOTT, J. Canulette Shipbuilding Company, Inc., alleges that it was required by Bank of Slidell to pay a note for $2,000 on which it was the indorser, but of which Hursey Transportation Company, Inc., was the maker; that, having paid the note in conformity with its obligation as indorser, Hursey Transportation Company, Inc., is indebted to it for the amount paid, with interest and attorney's fees as stipulated in the note.

The note in question is annexed to and made part of the petition.

Hursey Transportation Company, Inc., defendant, excepted to plaintiff's petition on the ground that it did not disclose cause or right of action, for the reason that defendant, while apparently maker of the note, was not the maker, but was in truth and in fact the indorser, and the plaintiff, the maker.

The court, acting on the face of the petition, overruled the exception of no cause of action, but heard evidence in support of the exception that the petition disclosed no right of action; and, after hearing evidence, overruled it.

The defendant, reserving its rights under the exceptions mentioned, then answered, admitting that it made and executed the note in question, but claimed that, as between plaintiff and defendant, the plaintiff had received the consideration and was the prior obligor. It denied that plaintiff was an accommodation indorser for defendant. It admitted that it did not pay the note, and that plaintiff did pay the amount due on the note to the bank; alleges that plaintiff negotiated the note, obtained the money for same, and that, when it paid the note, the note was discharged, and there was no obligation on defendant to pay same.

The present suit, No. 5574, was consolidated and tried together with the suit for $1,000, No. 5573 on the docket of the lower court, brought by the same plaintiff against the same defendant. 132 So. 771. The two cases are dependent on the same law and facts. The defendant filed the same exception in the present suit, No. 5573, and the lower court acted on it in the same way.

There was judgment in each case in favor of the plaintiff as prayed for. In each case the plaintiff appealed.

For the reasons assigned in the suit entitled same as above, but No. 5573, the judgment appealed from herein is correct.

Judgment affirmed; defendant and appellant to pay the cost in both courts.