## SARRAILLE v. BEYER.
### No. 1694.

Court of Appeal of Louisiana. First Circuit.
March 5, 1937.

L. V. Cooley, Jr., of Slidell, for appellant.

S. W. Provensal, of Slidell, for appellee.

OTT, Judge.

On August 28, 1934, the plaintiff and the defendant signed a joint note payable to the order of the Bank of Slidell for the sum of $445.80, due ninety days after date, and providing for 8 per cent. per annum interest from maturity until paid, and 10 per cent. attorney's fees in case of suit. The note was paid to the bank by the plaintiff on November 21, 1935, with accrued interest of $35.68.

The plaintiff claims that, while he signed the note with defendant apparently as comaker, as a matter of fact he signed said note for the accommodation of defendant and to enable defendant to negotiate said note at the Bank of Slidell; that he (plaintiff) received no money on said note, but was forced to pay same and now seeks to recover from defendant the total amount paid the bank, principal and interest, of $481.48, plus interest at 8 per cent. from the date of the payment and 10 per cent. attorney's fees.

The defendant admits signing the note, but alleges that he signed said note as co-maker with plaintiff for the accommodation of plaintiff and that he (defendant) received no consideration for said note; that, prior to the signing of said note, the Hursey Transportation Company, Inc., owed plaintiff certain money and, in order to pay the amount, this corporation, now defunct, made a note to the Bank of Slidell, which note was indorsed by the plaintiff who secured the money thereon in payment of the account due him by the Hursey Transportation Company, Inc.; that this note was not paid by said transportation company and was renewed from time to time with a new note indorsed by plaintiff; that, when the transportation company became bankrupt, plaintiff induced defendant to sign this renewal note with him in order that plaintiff would not be required to pay the note which he had indorsed for the bankrupt transportation company aforesaid. In other words, the issue presented is the rather anomalous situation of both plaintiff and defendant claiming to be accommodation indorsers on a note signed by them jointly in favor of the bank.

The trial judge rendered a judgment in favor of plaintiff for the amount sued for. Defendant has taken a devolutive appeal. The record shows that this transaction began on October 9, 1930, when the Hursey Transportation Company signed a note in favor of the Bank of Slidell for $445.80, which note represented the amount then due by this company to plaintiff. In order to get the money, plaintiff was required to sign the note. This note was not paid when due, but was renewed from time to time by giving a new note signed by the same parties. During this time the defendant seems to have been connected with the transportation company in the capacity of

secretary and treasurer, but the business of the company was then carried on principally by Capt. Hursey, who was the president and general manager. Capt. Hursey died, and his widow, together with defendant, continued to operate the business until it went into bankruptcy. On December 8, 1931, a note was given to the bank for $428.65 signed by the Hursey Transportation Company, by T. M. Beyer, and by both plaintiff and defendant individually. The testimony shows that this note was a continuation or renewal of the original note given by the transportation company on October 9, 1930. The transportation company went into bankruptcy in the early part of 1932, and the defendant continued to carry on part of the transportation business of the bankrupt concern, in his individual capacity, and, in order to continue his credit with plaintiff and the bank, he paid the interest on these several renewal notes given to carry the original notes which had been given in the manner and for the purpose above stated.

The records of the bank show that on May 12, 1932, defendant executed a note in favor of the bank in the exact amount of the note sued on in this case. This note was also signed by plaintiff, and the note was carried on the books of the bank with defendant as the party primarily liable and plaintiff as the party secondarily liable. The note was renewed numerous times on the payment of interest by defendant and the giving of a new note for the same amount signed by both plaintiff and defendant in the same manner as the original note. On all of the renewal notes defendant was carried on the books of the bank as the party primarily liable and plaintiff as the party secondarily liable.

■ These several notes were continuations of the original note given by the Hursey Transportation Company in order to pay plaintiff the amount due him. As that original note was the primary obligation of the Hursey Transportation Company, it follows that all subsequent renewals of that note by this company, whether made by Capt. Hursey before his death or by defendant for the company after his death, were obligations of the corporation

up to the time of its failure. The defendant as an officer of said corporation and as its manager after Capt. Hursey's death had an interest in continuing the credit of this company sufficient to support a consideration for his individual indorsement or assumption of this obligation of the company. Commercial National Bank v. Richardson, 163 La. 933, 113 So. 152.

■ The plaintiff continued to furnish meat and groceries to defendant after he had taken over part of the business of the bankrupt corporation with which he had been connected. Plaintiff testified that it was because of the assumption by the defendant of this obligation of the bankrupt company that he agreed to continue credit to the defendant in carrying on this business. This was the reason for the assumption of this obligation by defendant as represented in the note given on May 12, 1932, which note was the beginning of the primary obligation on the part of defendant to pay this debt on which plaintiff had been only secondarily liable to the bank, and on which it follows that he continued to be only secondarily liable throughout the series of renewal notes down to and including the note sued on. As the party secondarily liable, he was subrogated to the rights of the bank against the party primarily liable on payment of the note. Canulette Shipbuilding Co., Inc., v. Hursey Transportation Co., Inc., 16 La.App. 695, 132 So. 771.

■ The consideration accruing to defendant by reason of the extension of the obligation of the Hursey Transportation Company with which defendant was connected and in the success of whose business defendant was interested, coupled with the advantage accruing to defendant by reason of the extension of credit to him by plaintiff after defendant had taken over the operation of the business on his own account, afforded ample consideration for defendant to obligate himself primarily on the note representing this original primary obligation of the Hursey Transportation Company. Section 25, Act No. 64 of 1904.

For the reasons assigned, the judgment is affirmed, at the cost of appellant.