49 So.2d 69 (1950)
WHITMEYER
v.
POCHE.
No. 7557.
Court of Appeal of Louisiana, Second Circuit.
November 3, 1950.
*70 Morgan, Baker & Skeels, Shreveport, for appellant.
Cook, Clark & Egan, of Shreveport, for appellee.
KENNON, Judge.
Plaintiff, who owns the premises occupied by the H & A Drive-In Grocery in the City of Shreveport, filed this suit to dispossess defendant of same on the ground that his occupancy was without authorization from plaintiff as landlord.
Defendant in answer justified his occupancy on the ground that he was an employee or store manager for one F. E. Harrell, who in turn had a five year lease (with privilege of renewal) from plaintiff. He attached to his answer a copy of the lease from plaintiff to Harrell and of the contract of employment between Harrell and himself.
The District Court found that defendant Poche was in possession as an employee of Harrell, the original lessee, and overruled plaintiff's contention that Poche was a partner of Harrell and not his employee. In view of the above two findings, the District Court further held that there had been no subleasing by Harrell in violation of the terms of the lease.
From a judgment rejecting his demands, plaintiff has appealed.
Plaintiff's contention is that the contract between Harrell and Poche amounted to a subletting of the premises, which was forbidden under the terms of the lease. In the alternative, in the event the Court should hold that Poche was not a sublessee, plaintiff contended that the relation between the lessee and his store manager constituted a partnership, which had become a subtenant without the landlord's consent, etc.
The testimony and documents in the record establish clearly the following facts. On February 1, 1947, plaintiff leased the premises in controversy to Mr. F. E. Harrell for five years with an option to renew for an additional five years. Harrell, who had bound himself not to assign or sublease, conducted a mercantile business on the premises under the name of "H & A Drive-In Grocery." Mr. Harrell's health did not remain good and in December, 1949, he entered into a contract with John Earle Poche, defendant herein, whereby Poche became general manager of the H & A Drive-In Grocery. He was specifically authorized to purchase goods on the credit of Harrell, to sign checks on the store bank account, to sell merchandise in the regular course of business; to pay the rent as it became due and in general to have complete charge of Harrell's business. The compensation to be paid Poche was set as 70% of the net profits with a further proviso as follows: "(6) Semi-monthly during the term of the contract, Second Party shall have the right to draw a sum not exceeding One Hundred and No/100 ($100.00) Dollars, which shall be charged against his *71 total compensation of seventy per cent (70%) of the net profits, as previously herein set out."
The period for which the contract between Harrell and Poche was made was contained in paragraph two of the contract as follows: "(2) The term for which this contract is entered into is for the period beginning the 16th day of December, 1949, and ending on January 31st, 1952; provided, however, that on ninety (90) days written notice given by either party to the other, the said contract may be terminated before the expiration date just hereinabove set out."
After the agreement with Poche was signed, Harrell went to live on a farm he had purchased in Arkansas, returning to Shreveport on occasions to observe the operation of the business. At the end of the first quarter, the profits were determined. Harrell's 30% amounted to approximately $400.00, which was paid to him out of the cash earned by the operation of the business during the quarterly period.
At the time the contract was entered into between Poche and Harrell, Harrell of course was the sole owner of the entire business. Under the terms of the contract whereby Poche became general manager, Harrell continued to be the sole owner of everything connected with the business, including the furniture, fixtures, stock of merchandise, his rights under the lease from plaintiff, the money in the bank and any other assets of the H & A Grocery. The contract with Poche, while giving Poche full authority to conduct the business, nevertheless provided that everything done by Poche was subject "to the general supervision" of Harrell to the extent that he (Harrell) might determine.
It is noted that both Harrell and Poche had the right to terminate the contract upon giving ninety days notice. While Poche was working under the contract, Harrell withheld from Poche the income tax in accordance with the requirements of employers. He likewise made deductions for social security taxes. Under the contract Poche gave a fidelity bond in favor of Harrell conditioned on the faithful performance of his duties under the terms of the contract. We find nothing in the record to justify a conclusion that Poche at any time acquired any proprietary interest in the assets of the H & A Drive-In Grocery.
The relationship created by the contract has all the earmarks of employer and employee. Certainly, Poche could not be considered a sublessee. As to the sharing of profits being in itself sufficient to create a partnership, the rule of law as set forth in 40 Am.Jur. 158, is applicable, namely, that the receiving of a share of profits of a business in consideration of services by one employed does not necessarily make such an employee a partner. This rule was explained and followed by the Louisiana Supreme Court in the case of Glover v. Mayer, 209 La. 599, 25 So.2d 242.
In the case before us, we find that there is an absence of intent between the parties to form a partnership. We also find that the contract between Harrell and Poche created no community of goods or joint proprietary interest. While Poche was to receive a portion of the profits, there was no obligation on his part to bear a percentage of the losses. There is no proof that they held themselves out to the public in general or to the plaintiff in particular as partners or knowingly permitted themselves to be so held out. In fact, the written contract between Harrell and Poche as well as the testimony adduced at the trial, alike justify the conclusion of the District Court that the relationship of Poche to Harrell was that of an employee and that neither of the parties intended to create a partnership and, under the rule set up in the Glover case, supra, and the cases and codal articles therein cited, no partnership was ever created.
Plaintiff cites the case of Duvic v. Home Finance Service, La.App., 23 So.2d 790. In that case, Guedry, the original lessee, agreed to operate a business on the leased premises as a branch of Home Finance Service owned by one Heymann, under an agreement to divide the net profits and to share the losses on the same percentage basis. *72 It therefore follows that the above cited case is distinguishable on its facts from the case before us.
The judgment appealed from is affirmed, with costs.