HARDY, Judge.
Alleging himself to be the holder and owner of a promissory note executed by the defendant, plaintiff instituted this suit for the recovery of the face amount of the note, together with interest and attorney’s fees, as provided therein. After trial there was judgment in favor of defendant rejecting plaintiff’s demands, from which he brings this appeal.
The evidence on trial was not transcribed but a summary thereof has been supplied by a stipulation of facts agreed upon by counsel for the parties which is incorporated in the record. We quote the stipulation in its entirety as follows:
“During the month of July or August, 1953, Eric P. Gaspard claimed of the defendant, Winnis Lachnay, the sum of approximately $148.00 on an open account, and the defendant denied that he was indebted to the plaintiff, claiming that he had paid him, but that if he was indebted to him at all it was in an amount of approximately $40.00. The account was one for wines and liquors, but defendant testified that he was convinced that it was paid, but agreed that he would con *278 cede his indebtedness if plaintiff could present evidence that he had not paid the account or had purchased other liquor since payment of the account. Plaintiff sued on an open account and on a note. On the trial he abandoned the claim on the open account. The events giving rise to the execution of the note and the manner in which it was executed are as follows:
“During the month of August, 1953, plaintiff attempted to get defendant to pay him this money which he con-. tended was owed to him, but which defendant disputed. In spite of defendant’s contentions that he did not owe plaintiff as plaintiff contended, defendant agreed to accompany plaintiff to The Union Bank to make a loan. It was then that plaintiff brought defendant to The Union Bank in Marksville, Louisiana, where the defendant went inside and the plaintiff remained outside. Shortly afterwards defendant returned outside with the note prepared by the President of the bank for $160.00, the note having already been signed by defendant. It was then that plaintiff also signed the note. Plaintiff contends he signed the note with respect to defendant as endorser so that defendant could pay him the money plaintiff claimed defendant owed him; while defendant contends that plaintiff signed it as maker and defendant as endorser, or, at best, as co-maker, Defendant then returned to the bank with the note, discounted it and brought the proceeds to the plaintiff who was awaiting him at the curb. These proceeds, $160.00 ■ less the interest retained by the bank, defendant handed over to the plaintiff and plaintiff then returned to Winnis Lachnay about ‘Two or Three Dollars’.
“When the note became due in 1954 the parties were notified; plaintiff went to the bank, discovered the note had not been paid and then paid the accrued interest thus extending the note. Again in September of 1955, when the note became due and unpaid, the parties being notified, plaintiff paid the bank the amount of the note plus accrued interest. The bank then endorsed the note to plaintiff ‘without recourse’. It was then that plaintiff made demand upon defendant to pay the note which plaintiff now held, and upon his refusal, plaintiff sued defendant thereon.”
By way of clarification of one point of fact it should be observed that plaintiff’s demand against defendant in the amount of $72.50 on open account, which demand was dismissed in open court on date of the trial, clearly represents an account for purchases of liquors and beverages allegedly made by defendant upon dates subsequent to the execution of the note. This account, therefore, has no bearing upon the incidents which led up to the execution of the note and the subsequent developments connected therewith.
The gist of the defense appears to be the contention on behalf of the defendant that plaintiff was not an accommodation party, nor was he a holder of the note sued on in due course, in as much as he purchased the note from the bank after maturity. It is further urged that plaintiff was not an accommodation maker nor endorser of the note under the definition set forth in LSA-R.S. 7:29, which reads as follows:
“An accommodation party is one who has signed the instrument as maker, drawer, acceptor, or indorser, without receiving value therefor, and for the purpose of lending his name to some other person.”
The argument relies for its validity upon the proposition that plaintiff received the benefits flowing from the execution of the note, which fact serves to remove him from the category of accommodation parties.
*279 It is true that plaintiff received the proceeds of the note, less discount and less a few dollars which he permitted defendant to retain, but it is also true that plaintiff received this money not as value or benefit or advantage originating from the execution of the negotiable instrument but in settlement of an open account against defendant, his debtor. This distinction is not as tenuous as might appear on casual consideration, and we think it may be convincingly illustrated. If a party to a negotiable instrument receives value for his execution of the instrument, he cannot be considered an accommodation party, under the definition of LSA-R.S. 7:29, above quoted. This is apparent from the wording of the statute itself, for it specifically restricts the classification of accommodation parties to those who sign an instrument without receiving value therefor, that is, parties who sign an instrument and are not paid or rewarded, in some manner, for that particular and specific action. In other words, the basis of the definition of accommodation parties lies in the meaning of the word “accommodation”, which connotes an act of friendship or assistance without tangible consideration.
We note from the written opinion of the district judge that he attributed the payment of the proceeds of the note to plaintiff as a direct consideration for plaintiff’s signature as a co-maker on the note. The judge felt that plaintiff was the only one who benefited as the result of the transaction. We do not think this view is correct. It seems clear that defendant, being pressed for payment of his indebtedness to plaintiff, received the benefit of discharging this indebtedness which, as evidenced by the record, would have an additional advantage in permitting him to continue purchasing liquor and beverages on credit.
On the other hand, the money which was received by plaintiff, although derived from the proceeds of the note, cannot, in any sense, be construed as a consideration for plaintiff’s execution of the note, but must be considered as a discharge of defendant’s indebtedness. The fact that defendant chose to substitute one debt for another, as mentioned in the opinion of the district judge, is not in itself a material point. As a matter of common knowledge this practice is many times used by debtors to avail themselves of temporary respite from the demands of creditors holding past due accounts.
The opinion of the district judge further declared that, even assuming plaintiff’s status as an accommodation endorser, he would have no authority to proceed on the note, citing McCardle v. Nagim, La.App., 61 So.2d 267, 269 and quoting therefrom as follows:
“An accommodation maker, on paying a note, does not have a cause of action against the real maker of the note on the note as such, [italics ours] his remedy being on the implied contract of reimbursement.”
We find no fault with the principle quoted but we think it essential to call attention to the fact that the basis for the enunciation of the principle is found in that part of the opinion of the Orleans Court in the McCardle case which immediately precedes the above quoted extract and reads as follows:
“Counsel for plaintiffs and defendant in their original petition and answer and in their briefs filed in this court, treated this litigation as a suit on the notes. (Italics supplied.) In our opinion they were in error.
In other words, the court held in the McCardle case that the action was not a suit on a note and therefore plaintiffs in the said case were relegated to the status of obligees under an implied contract of reimbursement.
Not so in the instant case, for here the plaintiff, upon payment of the note, was subrogated to the rights of the bank, the original payee, by the endorsement of the *280 instrument, without recourse, and its surrender to him. There can be no question as to the fact that this case is a suit on the note and not on any contract of reimbursement, implied or otherwise. Plaintiff became the holder of the note by virtue of payment to the bank of the amount due with accrued interest. Directly in point on the proposition of the automatic subro-gation of an accommodation party to the rights of a holder is the holding of this court in Cook v. Crow, 194 So. 455, in which the opinion cited LSA-Civil Code Articles 2161, 2645 and 3050, together with a number of Louisiana cases.
In the same cited case the opinion recognized the absolute right of an accommodation endorser to sue the maker, under the provisions of LSA-Civil Code Article 3052.
We find the case of Canulette Shipbuilding Co., Inc. v. Hursey Transportation Co., Inc., 16 La.App. 695, 132 So. 771, so strikingly similar to the instant case with respect to both facts and issues of law that we think it completely disposes of every question raised by this appeal. In the cited case defendant had become indebted to plaintiff on open account, which it settled by giving notes payable to the Bank of Slidell, which notes were delivered to plaintiff, which in turn endorsed and delivered them to the Bank of Slidell, receiving credit for the proceeds thereof. Eventually plaintiff was required to pay the notes to the Bank, and, under legal subrogation effected by Article 2161 of the LSA-Civil Code, plaintiff instituted suit on the notes. The court held that the plaintiff had received no value for its endorsement, and since the notes represented the amount which the defendant owed the plaintiff on open account, the plaintiff would not, in truth, receive the amount thereof unless and until it collected such sum from the defendant.
For the reasons set forth the judgment appealed from is annulled, reversed and set aside and there is now judgment in favor of plaintiff, Eric P. Gaspard, and against the defendant, Winnis Lachncy, in the full sum of $160, with interest thereon at the rate of 8% per annum from date of September 1, 1954, until paid, together with 15% of said sum, principal and interest, as attorney’s fees, together with all costs.