HAMITER, Justice.
The appeals in these consolidated cases are being prosecuted by alleged creditors of the community of acquets and gains which, at one time, existed between Lytton Paul Johnson and Ollie Josephine Champagne, his wife. They were taken from a judgment of the district court regulating the order of distribution of funds realized from a judicial partition sale of the community property.
The above named persons were married in 1947. On July 15, 1952 a judgment of separation from bed and board in favor of the husband was signed, it reserving to both of the parties the right to a partition of the property belonging to the community that formerly existed. On August 1, 1952, Mrs. Johnson petitioned the court for a judicial partition of the community assets; however, it was not until April 13, 1954, almost two years after the judgment of separation (which dissolved the community) that a judicial sale of such property was *231 held in order to effect the partition. The property thus sold consisted primarily of a going business known as Johnson’s Crescent City Tours. The proceeds of the sale (amounting to $15,737.74) were and are held by a notary^ public, appointed to effect the partition, pending a settlement of the various alleged debts. In October, 1954 Mr. Johnson obtained a divorce.
Following the judicial sale, and after numerous claims were filed, the matter was referred to the Commissioner of the Civil District Court of Orleans Parish who, later, submitted written recommendations for distribution of the funds. To these recommendations certain creditors tendered oppositions; however, after a hearing, they were largely adopted by the district court.
Among those appealing from the distribution judgment are Malcolm L. de la Houssaye and Grady C. Durham, attorneys at law who represented Mr. Johnson and Mrs. Johnson, respectively, in the separation and the subsequent proceedings. For services thus rendered the former attorney was awarded a total fee of $3,475 and the latter one of $2,961.14. However, the distribution judgment provided for a division of these fees. It decreed that for the services rendered to their respective clients prior to the dissolution of the community (by the judgment of separation) there would be paid out of the corpus of the community the sum of $975 to Mr. de la Houssaye and $500 to Mr. Durham; and that each attorney would receive the balance of his awarded fee (for services performed after the separation judgment) from the net share to which his client was entitled (that due to the client after payment of all coith munity debts).
Complaining of such division these attorneys, on their appeals, contend that the fees for legal services rendered in the partition proceedings (all those which took place after the judgment of separation which dissolved the community) are also properly chargeable as a community indebtedness— to be paid out of the corpus of the community. And in support of the contention they cite and rely mainly on Talbert v. Talbert, 199 La. 882, 7 So.2d 173; Demoruelle v. Allen, 218 La. 603, 50 So.2d 208; Uchello v. Uchello, 220 La. 1061, 58 So.2d 385 and Glorioso v. Glorioso, 223 La. 357, 358, 65 So.2d 794. We do not find that these decisions are authority for such a proposition. Only in the Uchello case is there any language which might tend to support it. However, there the fees of the attorneys for services rendered in the partition proceedings were ordered paid out of the corpus of the community solely because the parties had so agreed. Moreover, the holding in the cited Talbert case is clearly contrary to the contention of these appellants.
But conceding for the sake of argument that attorneys fees of the respective parties for legal services rendered in a contested partition of the community property are *233 •ordinarily chargeable against the community as costs of the liquidation, we do not believe that the legal services presently under consideration were so performed. It appears that instead of liquidating the community within a reasonable time after the judgment of separation the parties continued to operate their tourist business, which was the chief community asset, as a going concern (apparently its liquidation at that time would not have been advantageous to either of them). Hence, theirs was a relationship of co-owners and joint operators of a business venture, for the success of which most of the legal services in question were rendered, and on the ultimate liquidation of that business the parties were in the same position as any other co-owners. In this connection it is to be noted that the Commissioner of the Orleans Parish Civil District Court found that “the actions of the husband as administrator of the affairs of the community pending an actual division were not of an administrative nature, but went far beyond that.”
We do not mean to say that the act of the parties in continuing the business was not beneficial to them and to their creditors. In fact, it appears that it was. But in pursuing this course they were operating a joint venture as co-owners, and on its liquidation the attorneys fees incurred in the operation were chargeable as in an ordinary partition.
 The remaining two appeals were taken by Industrial Outdoor Displays and Industrial Electric, Inc., affiliated companies. The claim of the former against the community was denied in its entirety, while that of the latter was recognized to the extent of $401.04. We find no error in the rulings. The contract for services rendered by Industrial Outdoor Displays was entered into with Mr. Johnson after the dissolution of the community. It could not have been; therefore, a community obligation. The services performed by Industrial Electric, Inc. for the community (prior to its dissolution) do not appear to have had a value exceeding the amount allowed by the district court.
In a document filed here, and referred to as an answer to the appeals taken by the aforementioned appellants, James Thomas Conner requests that his awarded attorneys fees of $1,000 be recognized as a charge against the corpus of the community. Since Mr. Conner did not appeal, we doubt that his request is properly before us for consideration. However, there is no merit to it. His claim is for legal services rendered in certain proceedings after the judgment of separation. For them, as before shown, the community was not and is not responsible.
For the reasons assigned the judgment appealed from is affirmed.