116 So.2d 884 (1959)
Bobby J. WALKER, Plaintiff-Appellee,
v.
Althemus J. DELAHOUSSAYE, Defendant-Appellant.
No. 4926.
Court of Appeal of Louisiana, First Circuit.
December 21, 1959.
*886 Newton T. Pharr, New Iberia, for appellant.
Marion W. Groner, New Iberia, for appellee.
Before ELLIS, LOTTINGER, and TATE, JJ.
TATE, Judge.
The defendant appeals from a judgment against him in the amount of $60. The plaintiff answers the appeal, requesting that the award be increased to $440.36, the amount initially demanded by his suit.
The relevant facts, for purposes of discussing the questions still at issue upon this appeal, are undisputed.
In September, 1959, the defendant Delahoussaye, who owned the "Gay Lounge", agreed with the plaintiff Walker that the latter should manage this business for a compensation of 50% of the profits from sales. Walker was to acquire or own no share in the assets of the business, including the stock of merchandise, nor was he to share in any losses of the enterprise. A day or so after this business arrangement was made, Walker with Delahoussaye's consent borrowed the sum of $480.36 from a finance company; and Delahoussaye signed this note of September 22, 1958, as comaker. The entire proceeds received from this loan were invested in merchandise[1] which was added to the stock of the "Gay Lounge" and subsequently sold in the ordinary course of business.
On October 7, 1958, approximately two weeks later, this first note was cancelled and a new note executed by Walker in favor of the finance company in the sum of $1,025.08, the additional balance being borrowed to finance the purchase of a personal automobile by Walker. Delahoussaye again signed this second finance company note as comaker. It was agreed by Walker and Delahoussaye that, as between them, of each monthly installment of $54.26, Walker was to pay $34.26 and Delahoussaye $20. Delahoussaye, in compliance with such agreement, did in fact pay his $20 share each of the first two monthly installments due upon the note.
Walker received his share of the net profits of the business while under his management. After about three months, Walker and Delahoussaye dissolved their business relationship, and Delahoussaye then refused to acknowledge any further liability for the unpaid portion of the finance company note of $1,025.08. The plaintiff then brought this suit to recover $440.36, the balance due for the first note of $480.36 executed by him on behalf of Delahoussaye, the proceeds from which were used to purchase stock for the latter's "Gay Lounge".
The trial court found, correctly in our opinion, that the initial debt of $480.36 was incurred on behalf of the defendant Delahoussaye, who received the entire proceeds of the note by way of merchandise for the business owned by him; and that, as between the parties, Delahoussaye was the debtor primarily liable for this sum (for which amount the first note was executed and which sum was included within the total amount of the second note), while the plaintiff Walker was only an accommodation comaker or endorser who had signed both notes without receiving value therefor insofar as they represented Delahoussaye's debt.[2] LSA-R.S. 7:29; LSA-Civil Code, Art. 2106; Gaspard v. Lachney, La. App. 2 Cir., 92 So.2d 277.
*887 Since the balance owed to the finance company was still unpaid, except for five installments, and since Delahoussaye was also obligated by endorsement to pay the note of $1,025.08 to the finance company, the trial court reasoned that Walker was not entitled to judgment for the entire amount of $440.36 still due upon Delahousaye's debt but only for such portion thereof which Walker had paid on the installments which had become due prior to the trial. Delahoussaye having paid on each of the first two monthly note payments the sum of $20 mutually agreed upon to be his share of the monthly liability upon the note, the trial court restricted the judgment in Walker's favor to $60, being (for the last three installment payments) the total amount which was primarily Delahoussaye's liability but which Walker had paid for him to avoid foreclosure upon the note.
By his appeal the defendant contends that the debt in question was a liability of a business operated by the parties as a "joint venture", as a legal consequence of which each party was responsible for one-half the losses or liabilities of the venture, including the debt sued upon. Specifically, defendant prays that the award in Walker's favor be reduced to $30, i. e., one-half of the business debt which to date Walker has liquidated. Even though the parties expressly stipulated that Delahoussaye alone should bear the losses, if indeed the relationship between the parties is a joint venture or partnership, it is contended that under LSA-C.C. Art. 2814: "A stipulation that one of the contracting parties shall participate in the profits of a partnership, but shall not contribute to losses, is void, both as it regards the partners and third persons * * *."
However, a pre-requisite to creation of a partnership or joint venture between the parties is an intent by the parties that the business relationship between them shall have the characteristics of a partnership. LSA-C.C. Art. 2805; Johnson v. Johnson, 235 La. 226, 103 So.2d 263; Labat v. Labat, 232 La. 627, 95 So.2d 129.
It has long been settled that a mere agreement to share the profits from an enterprise is not sufficient to create the status of a partnership or joint venture. Collom v. Bruning, 49 La.Ann. 1257, 22 So. 744; See also Glover v. Mayer, 209 La. 599, 25 So.2d 242.
Considering all the circumstances of the agreement and relationship between the partiesthat Walker was to furnish only his services, and Delahoussaye the premises and merchandise; that as compensation for his efforts Walker was to receive only a share of the net profits, but no interest in the business or its stock, fixtures, or good will; that it was specifically agreed that Walker was not to be responsible for any of the losses resulting from his management of Delahoussaye's businesswe think that the relationship between the parties did not constitute a joint venture but was instead an employment or agency relationship whereby Walker was to be compensated for his management of Delahoussaye's business by receiving one-half of its net profits while it was operated by him. Amacker v. Kent, 144 La. 545, 80 So. 717; Stovall v. Soloman, La.App. 2 Cir., 94 So.2d 551; Whitmeyer v. Poche, La.App. 2 Cir., 49 So.2d 69; cf., LeBlanc v. Thibodaux, La.App. 1 Cir., 60 So.2d 421. The additional circumstance that Delahoussaye's debt was secured also by a mortgage on Walker's furniture does not convert the relationship into a joint venture. Church v. Winship, 175 La. 816, 144 So. 585. Walker is thus not liable for any liabilities or losses of the business owned by Delahoussaye.
We may add that, so far as the record shows, the business was operated at a profit under Walker's management and that the cost of the merchandise (including that purchased from the proceeds of the $480.36 note) was deducted before computation was made of Walker's share *888 of the "net profit" of the business. (Tr. 19.)
Plaintiff Walker has answered the appeal requesting that the judgment in his favor be increased to the amount of $440.36, the full balance due upon defendant's debt which was included within the finance company note for $1,025.09 which he obligated himself to pay.
Walker had paid the first note of $480.36, which was entirely Delahoussaye's obligation, when he received the proceeds of the second larger note. Walker contends that therefore as an accommodation maker or endorser for Delahoussaye upon such first note he either became entitled to reimbursement from him for the debt so paid (McCardle v. Nagim, La.App.Orleans, 61 So.2d 267; see also note at 31 Tul.L. Rev. 667) or else succeeded as new owner of the note or by subrogation to the rights of the finance company creditor against Delahoussaye, the party primarily liable, to collect the full balance of $440.36 due for the original obligation (LSA-R.S. 7:121; LSA-C.C. Arts. 2106, 2161(3), 3052; Gaspard v. Lachney, La.App. 2 Cir., 92 So.2d 277, noted 31 Tul.L.Rev. 667).
However, by agreement of the parties the obligation to pay the original note of $480.36 was extinguished and the note cancelled, and substituted for such obligation was a new obligation to pay $20 each month upon the monthly installment ($54.26) due upon the substituted finance company note in the larger amount of $1,025.08, which sum included the debt represented by the cancelled note. The original obligation was thus extinguished by novation, and Walker's rights are restricted to the terms of the new obligation substituted for it. LSA-C.C. Arts. 2130, 2185, 2189; Sheeks v. McCain-Richards, Inc., 226 La. 578, 76 So.2d 892; White Co. v. Hammond Stage Lines, 180 La. 962, 158 So. 353.
By the substituted obligation, Walker was an accommodation comaker of Delahoussaye for payment of the amount of $20 each month upon the finance company note. Walker's demand for reimbursement is as the trial court held limited to the amount of $60 paid by him as accommodation comaker up to the date of trial, since he had not yet been called upon as accommodation comaker to pay any more of Delahoussaye's debt. Further, to require Delahoussaye to pay Walker the full balance of his debt incorporated in the still unpaid finance note signed by both of them, would not release Delahoussaye from his liability to the finance company; and, in the event of default to the finance company by Walker, could subject Delahoussaye to double liability for the same debt.
For the foregoing reasons, the judgment of the trial court awarding judgment to plaintiff Walker in the amount of $60 is affirmed.
Affirmed.
NOTES
[1] Except for the sum of $8 cash, which was turned over by Walker to Delahoussaye's bookkeeper.
[2] That is, the trial court found that of each $54.26 monthly installment due upon the finance company note of $1,025.08, Delahoussaye was the debtor primarily liable for $20, while Walker was an accommodation comaker; but with regard to the remaining $34.26, Walker was the debtor primarily obligated, since this represented an indebtedness incurred solely for his benefit, while Delahoussaye was as to this portion of the debt merely an accommodation comaker.