TATE, Judge
(concurring).
Ultimately, the writer concurs with the most scholarly and thorough majority opinion (although with some reservations about the reduction of the penalty attorney fees). However, in my firm belief, the relationship between Dugas and Thibodeaux was not in actuality a partnership; I think the ruling that the relationship should be so characterized may prove to be a most troublesome precedent unless it is explained in the context of the pleadings and issues framing such ruling by this court in the present appeal.
The plaintiff did not appeal from the dismissal with prejudice of his demand against both of these defendants, Dugas and Thibodeaux, individually. Thus, the only question concerning these two defendants before us now, is raised by the appeal of the other co-defendants (Matthews and its compensation carrier) from the dismissal with prejudice of their own third-party demand against Dugas and Thibodeaux, by which Matthews as a “principal” claimed indemnity from Dugas and Thibodeaux as “independent contractors” primarily liable for the payment of workmen’s compensation to employees. LSA-R.S. 23:1061.
The majority non-suits this third-party demand on the ground that the relationship between Dugas and Thibodeaux must be characterized as a partnership, with consequently the rigid procedural requirement that claims against these individuals cannot be asserted unless the imaginary partnership entity is also cited and made a party.
What gives the writer qoncern with this holding is that, in actuality, the loose and informal oral arrangement between Dugas and Thibodeaux could be characterized far more readily, in my opinion, as an agency or employee relationship.
Dugas alone made the contract with Matthews to deliver its products; Dugas alone furnished the truck used in the delivery of the products; all payments made by Matthews were made to Dugas alone; Dugas alone paid the employee (Venable) and all other expenses. It seems to me that the payment by Dugas to Thibodeaux of one-half of the net profits for his labor in delivering the products in Dugas’ truck was in the nature of compensation for his *651 services as an agent or employee under the line of cases summarized in Walker v. Delahoussaye, La.App. 1 Cir., 116 So.2d 884, holding that the agreement there in question constituted an employment or agency (rather than a partnership) relationship, and noting that “It has long been settled that a mere agreement to share the profits from an enterprise is not sufficient to create the status of a partnership or joint venture,” 116 So.2d 887.
Had Dugas sued Thibodeaux for one-half of a net loss, for instance, Thibodeaux could have advanced the defense upheld in Walker v. Delahoussaye, cited above, that he was not a partner responsible for one-half the losses but instead a non-responsible employee or agent, since partnership agreements are not presumed but must result from the specific intent or consent to form a relationship with the legal effects of a partnership, including mutual contribution to partnership losses. LSA-C.C. Arts. 2805, 2813, 2814; Labat v. Labat, 232 La. 627, 95 So.2d 129; Walker v. Delahoussaye, cited above. (There is no showing that Thibodeaux was to be responsible for one-half the net losses.) See also, Comment, 10 Loyola Law Review 241 (1961).
If this is indeed the correct characterization of the relationship between the parties, then Dugas at least was correctly im-pleaded individually as an independent contractor [1] to indemnify the principal, while also the trial court probably correctly dismissed with prejudice the third-party demand of Matthews against Thibodeaux, who (as an employee or agent of Dugas) was not an “independent contractor” utilized by Matthews in its trade — no contractual relationship existing between Matthews and Thibodeaux, who (whatever his relationship vis á vis the deceased employee) insofar as Matthews was concerned was just an employee or agent of Dugas and not legally obligated to indemnify his employer’s principal for compensation benefits paid because of injury to the Du-gas’ employee.
However, the writer is presently concurring, although with grave reservations, because apparently the sole contention raised before this court by, on the one hand, Dugas and Thibodeaux, and, on the other hand, Matthews and its compensation insurer, concerns whether the relationship of Dugas and Thibodeau should be characterized as either a “partnership” or a “joint venture”. Since I personally do not believe the relationship fell into either category, I see no need in dissenting from the majority’s conclusion that it fell into either of these types of relationships, nebulously distinguished at best, see Johnson v. Johnson, 235 La. 226, 103 So.2d 263, at 267. It does *652 not seem to me, however, that we should impose a rigid procedural requirement that an artificial and imaginary “entity” he cited and appear in the suit, when in fact both the parties concerned were cited and did appear in the suit, and when the reason for the rule is not present since in this type of loose, informal, not-easily-classified relationship there were actually no partnership assets primarily responsible for any liabilities which the two individuals may have incurred in their operations.
For these reasons, the writer concurs for the present.
On Application for Rehearing En Banc. Rehearing denied.

. Actually, there may be a serious question as to whether Dugas himself was not subject to sufficient control (which included the absolute right of Matthews to terminate the relationship at any time) by Matthews as to be an employee rather than an independent contractor. Amyx v. Henry & Hall, 227 La. 364, 79 So.2d 483. See Shelton v. Barber Brothers Company, La.App. 1 Cir., 94 So.2d 489, 490-491: “As these cases show, the in-dicia that point to the independence of the subcontractor and the indicia that point to the control over the employee are often intermingled as to a given practical relationship. Often, the relationship was con-fected by laymen informally and orally, without regard to its legal classification as that of principal-contractor or as that of employer-employee. * * * When subsequently it becomes legally consequential whether the given relationship is that of principal-contractor or that of employer-employee, the courts are required to piece from all the indicia * * * the total picture of the practical working relationship, and to deduce therefrom the ultimate conclusion of either the true independence of the subcontractor or the actual control over the employee.” However, this aspect of the legal problem was not briefed before this court, and the writer is assuming for purposes of this discussion that the indicia of the relationship between Dugas and Matthews points more to a principal-contractor than to an employer-employee relationship. But the trial court, in dismissing with prejudice Matthews’ third-party demand, may have concluded otherwise.