SARTAIN, Judge.
This litigation is a combined suit for the enforcement of a note and an open account which was decided favorably to the plaintiffs by the 17th Judicial District Court, Parish of Terrebonne.
The basic allegations of the petition are that the plaintiffs, partners in a general printing business, are owed a $1,000.00 balance on a $2,500.00 note made by South Louisiana Publishing Company, Inc. (hereafter, South Louisiana Publishing) by its President, Frank King, which was endorsed by King and Dr. Arthur Anisman, they being the sole stockholders in South Louisiana Publishing. The petition admits that $1,500.00 had been paid toward the satisfaction of the note and seeks twenty percent attorney’s fees, interest and costs on the balance.
The petition also seeks judgment in the amount of $911.96 alleging that this is the balance due on an open account for printing services rendered and merchandise delivered to the defendants. The trial judge found for the plaintiffs as prayed for on the note and rendered judgment in their behalf on the open account against South Louisiana Publishing only.
The record indicates that on April 9, 1970, King and Dr. Anisman purchased all of the stock of South Louisiana Publishing and, in so doing, assumed all of the obligations previously owed by that corporation. A copy of the act of sale carrying out that transaction, admitted as “D-l” in the proceedings in the district court, reflects that the $2,500.00 note would be given by South Louisiana Publishing and King and Dr. Anisman to Star Printing Company, but no mention was made in that document as to any balance due on open account.
Counsel for the defendants admits in his brief to this court that a balance of $1,000.00 plus interest, attorney’s fees, and costs, is due and owing the plaintiffs by his clients on the note. This appeal, however, is concerned with the propriety of the judgment as to the open account obligation.
At the trial, plaintiffs introduced various invoices, purchase orders, and a ledger sheet, in addition to the testimony of Jimmy Pineda, as proof of their case on the open account. In connection therewith, he stated that they had done business for some time with South Louisiana Publishing through its former owners and that intermittent payments were made as the account got larger and that they had experienced considerable difficulty in collecting various amounts.
The appellants’ only defense, there and here, seems to be their contention that the $2500.00 note was given in full payment of the account, any other balance being waived by its acceptance by the plaintiffs; they further state that they have done no business with the plaintiffs since April 9, *357 1970, and that invoices entered into this record containing dates after that time are erroneous.
Absent a showing of manifest error on the part of the trial court, this judgment will not be disturbed. Mid-City Investment Co. v. Young, 238 So.2d 780 (La.App. 1st Cir. 1972). The district •judge found, and so stated in his written reasons for judgment, that no evidence sufficient to contradict the plaintiffs’ case was offered by the defendants. We find that the record supports that conclusion. Taken as a whole, Pineda’s testimony adequately established the services rendered and their value. The defense’s rebuttal can only he counted as minimal at best and cannot be considered to refute the plaintiffs’ case.
As for the novation of the debt, Mr. Pi-neda clearly indicated that he and his partner were completely unaware that any note was forthcoming from the defendants in any amount until it was received and that there was no discussion of the note being taken in full satisfaction of the debt at any time. He stated that neither he nor his partner was present when King and Dr. Anisman acquired the stock of South Louisiana Publishing, and, indeed, Pineda and Butler are not parties to that agreement.
Defendants, on the other hand, offered only the testimony of Mr. King on this question, who stated that it was his understanding at the time of the purchase that his company owed Star $2,500.00 and that he felt that the note was being given in full payment of that debt. Beyond that, the record is devoid of any proof that the plaintiffs agreed to forgive South Louisiana Publishing the balance on the account upon receipt of the note. If such an agreement had been reached, it would seem certain that King and Dr. Anisman’s vendors would have been aware of it and could have testified as to its existence. Also, as pointed out by counsel for the ap-pellees, in all likelihood, the attorneys who passed the sale of South Louisiana Publishing assets to the present owners would have been aware of such an agreement and could have testified accordingly.
Such a compromise would, under our law, if finalized, amount to a novation of the original debt owed, as previously indicated. Article 2185 of the Civil Code defines novation, as follows:
“Novation is a contract, consisting of two stipulations; one to extinguish an existing obligation, the other to substitute a new one in its place.”
Civil Code Article 2189(1), further clarifies such an obligation: .
“Novation takes place in three ways: 1. When a debtor contracts a new debt to his creditor, which new debt is substituted to the old one, which is extinguished.
Our law is well settled however, that a novation is never presumed and, to effect a full discharge of the original obligation must be clearly and explicitly established by the terms of the agreement or the acts and intentions of the parties. LSA-C.C. Art. 2190; Johnson v. Johnson, 235 La. 226, 103 So.2d 263 (1958); Polk Chevrolet, Inc. v. Vicaro, La.App., 162 So.2d 761 (1st Cir. 1964).
We find no positive evidence in the record which could possibly support the proposition that the original debt was no-vated. Mr. King himself was not clear as to how much was originally owed and nothing more than this was offered by the appellants. The defense of novation is, therefore, without merit and must fall.
The defendants also question the validity of plaintiffs’ invoices dating subsequent to April 9, 1970, the date of the acquisition by the present owners of South Louisiana Publishing Company, as both King and Dr. Anisman testified that no business was done with Star after that date. Mr. Pineda properly answered this, however, as he testified that these invoices *358 are delayed in their preparation, apparently meaning the date of the invoice does not actually reflect the time the order was placed. The trial judge determined that plaintiffs had adequately proven the entire amount prayed for in their petition and we concur in that ruling. The judgment will also be affirmed to the extent that the judgment on open account will only cast South Louisiana Publishing and not King and Dr. Anisman individually.
The judgment of the lower court is therefore affirmed in all respects, all costs of this appeal to be paid by appellants.
Affirmed.
LOTTINGER, J., recused.