### HENRY McCOLE v. ROBERT G. BEATTIE.

*Parties.   Payment.   Principal and Agent.   Suretyship.*

In assumpsit against the principal by one of two co-sureties on a note, to recover for the payment of the note, it was *held* on the facts found, *q. v.*, that plaintiff alone paid the note, and therefore properly sued alone, and that he paid it before he brought suit.

GENERAL ASSUMPSIT.   Plea, the general issue, and trial by the court, December Term, 1877, Caledonia County, Ross, J., presiding.

On June 26, 1876, the defendant made his promissory note for $290, payable to the order of J. D. Abbott at the Merchants' National Bank of St. Johnsbury, of which Abbott was a director. Abbott and the plaintiff indorsed the note as sureties, and the bank discounted it.   The note was not paid when due, and the liability of Abbott and the plaintiff thereby became fixed.   At some time thereafter Abbott paid $20 on the note ;  and at about noon on the 29th of November following the plaintiff went to Abbott, who had been requested by the other directors of the bank to look after the bank's interests in his immediate vicinity and whose acts in that behalf they had theretofore ratified, and gave him his promissory note of November 25th, payable at said bank, in two months from date, for $270, the unpaid balance of the defendant's note, and Abbott took it in payment thereof.   At about half past four o'clock in the afternoon of the same day the plaintiff had service made of the writ in this case, the writ having been sued out and placed in the hands of the officer at about eleven o'clock in the forenoon.   On December 1st, Abbott sent the plaintiff's note, which he had indorsed, to the bank, stating that it was to pay the balance due on the defendant's note, and that he wished to have it treated as payment as of the day of its date.   The bank received it as such payment, although it was not bound to do so by reason of what Abbott had done, and, on December 2d, entered it on its books and sent the defendant's note to the plaintiff.   It did

34

not appear what the relation of the plaintiff and Abbott was to each other on the defendant's note except by implication from the way in which their names appeared on the two notes. At the time of trial the plaintiff had not paid his note except by giving notes in renewal and by paying the interest thereon.

The defendant claimed that the plaintiff could not recover under the common counts ; that if the plaintiff's note operated as payment, it did not so operate till after the action was brought ; and that the plaintiff could not recover in his name alone, but should have joined Abbott.

The court rendered judgment for the plaintiff for $270 with interest from November 29, 1876, and costs ; to which the defendant excepted.

*Leslie & Rogers* and *G. N. Dale*, for the defendant.

Abbott should have been joined. He and the plaintiff are jointly liable on the two-hundred-and-seventy-dollar note. Recovery in this action would be no bar to an action by Abbott against the defendant. *Prescott* v. *Newell*, 39 Vt. 82 ; *Whipple* v. *Briggs*, 28 Vt. 65 ; *Pearson* v. *Parker*, 3 N. H. 366 ; *Jewett* v. *Cornforth*, 3 Greenl. 107 ; *Doolittle* v. *Dwight*, 2 Met. 561.

But if the plaintiff can sue alone, he can recover only half the claim. Because if he can recover at all, it is on the ground that he and Abbott paid each one half out of his separate funds.

The action was prematurely brought, the defendant's note not having then been paid. The bank had not accepted the plaintiff's note, and Abbott could not do it as the agent of the bank, as he had no authority to do so, except subject to approval by the bank, and as he was himself liable on the original note. The bank could not accept the plaintiff's note as payment as of a time before payment was actually made.

*E. W. Smith*, for the plaintiff.

The plaintiff can recover under the common counts. *Hulett* v. *Soullard*, 26 Vt. 295, and cases *passim*.

The suit was not prematurely brought. The service of the writ is the beginning of the suit. *Hall* v. *Peck*, 10 Vt. 474 ; *Strong*

v. *Edgerton*, 22 Vt. 249, and numerous other cases.   The plaintiff had paid when the writ was served.   Abbott was therein the agent of the bank.   Chit. Cont. 576 ; Chit. Bills, 428 ; *Foot* v. *R. & W. Railroad Co.* 32 Vt. 633 ; *Bradstreet* v. *Royalton*, 42 Vt. 128.   But whether he was or not, the bank ratified his acts and was bound by them.   *Middlebury College* v. *Williamson*, 1 Vt. 212, and other cases.   That ratification would be equivalent to a previous appointment as agent.

The plaintiff properly sued alone.   The action should be in the name of him from whom the consideration moves and to whom the promise is made.   *Fugure* v. *Mutual Society of St. Joseph*, 46 Vt. 362 and cases there cited.   The debt was paid not with the joint funds of Abbott and the plaintiff, but with the plaintiff's note. They could not have sued jointly.   *Whipple* v. *Briggs*, 28 Vt. 65 ; *Prescott* v. *Newell*, 39 Vt. 82.

The opinion of the court was delivered by

BARRETT, J.   McCole, the plaintiff, and Abbott were co-sureties for Beattie on his note to the bank.   That note was delivered up to McCole as paid, upon the receipt by the bank of a note signed by McCole payable to Abbott, and by him indorsed.   By the bank the transaction was treated as a payment of the note of Beattie ; and we so regard it.   It was not a joint payment by McCole and Abbott, as it would have been if they had been joint makers of the note.   It was McCole's note, as maker, and his liability upon it was absolute, direct, and unconditional.   Abbott, as indorser, assumed a liability to pay the note, on condition that McCole did not, when duly presented and thereupon duly protested and notice given.   The liability of each was several, and entirely different in legal quality, and, from the nature of the case, could not be joint.   So a joint action by McCole and Abbott could not be maintained against Beattie for the money paid.   The payment of the Beattie note to the bank was made by the note of McCole.   If Abbott should have McCole's note to pay as indorser, his right of reimbursement would be against McCole, and not against Beattie.   This results from the transaction between Mc-

Cole and Abbott, as the result of which McCole paid the Beattie note to the bank. That transaction ended Abbott's liability as surety for Beattie, and ended all privity between Abbott and Beattie resulting from the relation of surety which Abbott had theretofore sustained to Beattie. McCole, by some arrangement with Abbott, takes on himself the payment of that Beattie note, and thereby absolves Abbott from all liability as surety for Beattie. Thereafter the matter stands upon a privity solely between McCole and Abbott, without recourse to Beattie by Abbott. Beattie is therefore not in danger of any come-back by Abbott, in case Abbott should have to pay anything by reason of his indorsement of McCole's note, which the bank had taken in payment of the Beattie note.

The only remaining question is, whether the Beattie note was paid before this suit was commenced. The service of the writ was the commencement of this suit. That was begun about half past four o'clock P. M. November 29, 1876. About noon of that day Abbott took said note of McCole, which, with Abbott's indorsement, was taken by the bank in payment of the Beattie note. Upon the facts stated in the exceptions, it was the province of Abbott to take said note of McCole for the purpose for which McCole gave it to him, and when the bank adopted the act of Abbott, it became effectual, the same as if McCole had transacted directly with the bank, instead of transacting through Abbott. The fact that the bank was not absolutely bound because Abbott had so taken McCole's note, and could have rejected it if they had seen fit to do so, is not decisive. Abbott was director, and had acted by request of the other directors in looking after the business and interests of the bank in his vicinity. This fell within the indefinite terms of his agency, and found countenance in the ratification of all his previous acts. It was at least questionable, under such an agency, by what particular acts the bank would be conclusively bound. There was a kind of undefined margin within which, when an act had been performed, the adoption of it by the bank would make it the act of the bank, the same as if done directly by the bank. The act which operated the pay-

ment of the Beattie note by McCole was done before the commencement of this suit, and, in fact, took effect between the parties four days before the suit was brought.

As the defendant is safe against any liability except to McCole, on his, the defendant's note, on which McCole and Abbott were his sureties to the bank, he stands for his defence of this suit upon a naked technicality. He is liable by reason of that suretyship, and the present defence is virtually as bald of any substantial virtue as a plea in abatement. We cannot strain a point to maintain such a defence.

*Judgment affirmed.*