(No. 12315.—Judgment affirmed.)

## S. H. RUVENACHT, Defendant in Error, *vs.* THE GERMAN-AMERICAN BANK OF GRIDLEY, Plaintiff in Error.

*Opinion filed February 20, 1919—Rehearing denied April 2, 1919.*

1. APPEALS AND ERRORS—*what issues of fact are not open for review in Supreme Court.* In a suit on a note, issues of fact as to whether the note was given to the defendant bank as an accommodation or in pursuance of an agreement made for the purpose of deceiving the bank examiner, with the understanding that it was not to be paid by the maker, are not open for review in the Supreme Court where the finding of the trial court has been approved by the Appellate Court.

2. BILLS AND NOTES—*maker of an accommodation note to bank may recover from bank if obliged to pay it.* Where a note is given to a bank as an accommodation, to take the place of the same amount of notes of a third person held by the bank, and the maker is subsequently obliged to pay the amount of the note to another bank holding it as collateral to secure a loan by it to the former bank, the maker is entitled to recover from the bank to which he gave the note.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of McLean county; the Hon. SAIN WELTY, Judge, presiding.

STERLING, LIVINGSTON & WHITMORE, (SIGMUND LIVINGSTON, of counsel,) for plaintiff in error.

STONE & DICK, for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

S. H. Ruvenacht, as plaintiff in an action of assumpsit in the circuit court of McLean county, recovered a judgment against the German-American Bank of Gridley, Illinois, defendant, for $3850.39. That judgment was affirmed by the Appellate Court for the Third District, and the case is brought here for review by writ of *certiorari*.

In January, 1914, E. L. Coyle was the vice-president and managing officer of the defendant bank. The bank had a capital stock of $25,000 and on the date mentioned held the notes of a man named Patton for $7000. Plaintiff, Ruvenacht, was induced to give his accommodation note for $3500, payable to his own order, which he indorsed and delivered, to be used for the purpose of taking the place of that amount of the Patton notes held by the bank. Patton notes of an equal amount were delivered to Ruvenacht. The bank was or became indebted to the First National Bank of Bloomington, which indebtedness was secured by collateral. The Ruvenacht note for $3500 was one of the collateral notes indorsed and delivered to the First National Bank of Bloomington to secure the loan made by it to the German-American Bank, and Ruvenacht was called upon to pay it, which he did, and brought this action to recover the amount so paid, and interest, from the German-American Bank.

It is insisted by the plaintiff in error that the judgment is erroneous because the note was given pursuant to an agreement between the vice-president and manager of the German-American Bank and Ruvenacht for the purpose of covering up an asset of the bank which would not pass inspection and thereby deceive the bank examiner, with the secret understanding that the note was an accommodation, merely, to temporarily take the place of the Patton note. If that be the fact, it is contended the agreement and arrangement was against public policy and will not be enforced by the courts.

One of the issues of fact tried and submitted to the jury was whether the note given by Ruvenacht was an accommodation note given to the bank, which is defendant in error's contention, or whether it was given pursuant to an agreement for the purpose of deceiving the bank examiner, with the further agreement and understanding that it was

never to be paid by the maker, which is the contention of plaintiff in error. These issues were found in favor of defendant in error, and having been approved by the Appellate Court are not open for review here.

Another contested question of fact, which was determined against the plaintiff in error, is its claim that the Ruvenacht note was given for the benefit of Coyle, the vice-president and manager of the bank, and his brother, individually, and not for the benefit of the bank. We think the proof warrants the conclusion that the transaction was for the benefit of the bank, and it appears it received the benefit by a credit of the amount paid by Ruvenacht on its indebtedness to the First National Bank of Bloomington.

No question of the rights of creditors against an insolvent corporation is involved in this record. If, as the proof tends to show, the note was given by Ruvenacht as an accommodation to the bank to take the place of the same amount of Patton's paper, and the note was paid by the maker to or for the benefit of the bank, Ruvenacht was entitled to recover. There is nothing in the proof which would justify this court in holding that as between the parties to the transaction and their assignees the note was not a valid and enforcible obligation. *Chicago Title and Trust Co.* v. *Brady,* 165 Mo. 197; *Skagit State Bank* v. *Moody,* L. R. A. 1916A, 1215; *Lyons* v. *Westwater,* 173 Fed. Rep. 111.

Under the proof the liability to Ruvenacht was that of the bank, and no reversible error was committed by the trial court in ruling upon the admission of testimony.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*