H. B. BELLOWS, EXR. *v.* DEAN P. BLAKE.

January Term, 1934.

Present: SLACK, MOULTON, THOMPSON, and GRAHAM, JJ.

Opinion filed February 6, 1934.

*Wm. R. McFeeters* for the defendant.

*M. H. Alexander* for the plaintiff.

GRAHAM, J.   The defendant and his father, Horton Blake, who has since deceased, executed to the Franklin County Savings Bank & Trust Company of St. Albans a promissory note, which, so far as necessary to quote it, was as follows:

> "St. Albans, Vt., Aug. 1, 1931.        $1,000.00
> Six months after date we promise to pay to Frank-lin County Savings Bank & Trust Co., or order, one thousand dollars at the Franklin County Savings Bank & Trust Co., of St. Albans, Vt.   Value received.
> > DEAN P. BLAKE
> > E. Georgia
> > H. H. BLAKE
> > Address Fairfax, Vt."

This note was allowed by the commissioners as a claim in favor of the bank against the estate of H. H. Blake, and it has been paid by the plaintiff, as executor of the estate.   Upon payment, the bank surrendered possession of the note to the plaintiff.

The plaintiff seeks to recover in this action the amount paid to the bank to take up the note, and some conceded items for insurance and taxes.   The trial was by jury, with a verdict and judgment for the plaintiff for the full amount paid to the bank and the conceded items.   The defendant brings exceptions.

The defendant, by exceptions to the introduction of the note in evidence, to the overruling of his motion for a directed verdict, and to the overruling of his motion to set the verdict aside, challenges the sufficiency of the evidence to support a recovery.   He argues that, at the most, the evidence justifies a recovery only for contribution.

While the relation of the defendant and the deceased to the note was that of joint makers and their obligation to the bank was primary and absolute, *West Rutland Trust Co.* v. *Houston,* 104 Vt. 204, 210, 158 Atl. 69, 80 A. L. R. 664, and *Clifford* v. *West Hartford Creamery Co.,* 103 Vt. 229, 153 Atl. 205, the defendant does not question the right of the plaintiff

to show by competent and sufficient proof that the true relation of the makers, as between themselves, was that the deceased was an accommodation party and the defendant the accommodated party. In such an event the relation of principal and surety exists between the parties. *Clifford* v. *West Hartford Creamery Co., supra,* 103 Vt. at page 246, 153 Atl. 205.

■ ■ When one joint maker of a note is required to pay the whole amount due on the note, he is entitled to recover contribution from his co-maker on a count for money paid. *Brady* v. *Brady,* 110 Md. 656, 662, 73 Atl. 567. But an accommodation party who is required to pay the whole amount of the note is entitled to recover the amount paid from the accommodated party, on an implied promise, independent of the promise of the note, to reimburse him. *Ruvenacht* v. *German-American Bank,* 287 Ill. 266, 122 N. E. 469; *Kage* v. *Oates* (Mo. App.), 208 S. W. 126; *Blanchard* v. *Blanchard,* 201 N. Y. 134, 94 N. E. 630, 37 L. R. A. (N. S.) 783; Uniform Laws Annotated, vol. 5, page 250. The foundation of the suit is the implied promise of the principal to indemnify the accommodation maker or surety. *Thomas* v. *Carter,* 63 Vt. 609, 615, 22 Atl. 720, 14 L. R. A. 82.

■ To sustain this verdict, the evidence must justify a finding by the jury that the latter relation existed. It is not shown from the note itself; on the face of it, the parties are joint makers. The payment of the note by the plaintiff, and his consequent possession of it, standing alone, entitles the plaintiff to contribution only. But the plaintiff's evidence further tended to show that the note was the last of a series of renewals of an original note dated March 5, 1929. The original note was in the handwriting of the defendant and the proceeds were deposited to his credit. He drew checks against the account and spent the money. After the note was allowed as a claim against the estate, the plaintiff had a talk with the defendant about it. The plaintiff testified: "He wanted I should wait on him just as long as I could and he would try to make arrangements to pay it. And I told him that I would. That is, I had a year and when it got around pretty well the year up I went to him and he said he could not pay it then and he says 'give me more time.' 'Why,' I says, 'The time is up that the estate should be settled, and I think it ought to be paid.' And he said he didn't

know when he could pay it then. Well, in the first place he said perhaps he could in the fall, but that was—the time had come up and then he said he didn't know when he could pay it and I asked him finally if he wanted I should collect it and he says, 'If you are so disposed and can, collect it.' So I started in to collect it." These conversations were not denied by the defendant, and no evidence was introduced by him to meet or explain them. The plaintiff was demanding, not contribution, but reimbursement, and the defendant impliedly, if not expressly, admitted such a liability. The evidence was sufficient for the jury to find that the relation of the makers of the note, as between themselves, was that of principal and surety.

The writ was dated December 6, 1932, and was served upon the defendant the following day, December 7. The plaintiff paid the note on December 7 but before service of process upon the defendant. The suit was not prematurely brought. The service of process is treated for all purposes here involved as the commencement of the suit. *Tracy* v. *Grand Trunk Railway Co.*, 76 Vt. 313, 319, 57 Atl. 404; *Stanley* v. *Turner*, 68 Vt. 315, 316, 35 Atl. 321; *McCole* v. *Beattie*, 51 Vt. 265, 268.

*Judgment affirmed.*