PEOPLE'S TRUST COMPANY OF ST. ALBANS *v.* H. C. BILLADO
ET AL.

November Term, 1935.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON and
SHERBURNE, JJ.

Opinion filed January 7, 1936.

*P. C. Warner* for the defendant petitioner.

*Wm. R. McFeeters* for the plaintiff petitionee.

MOULTON, J.   On May 8, 1934, the People's Trust Company of St. Albans obtained a decree of foreclosure of a mortgage on real estate against the mortgagors H. C. Billado and Love Dunster Billado, and the second mortgagee Leon Perry, by which the period or redemption, as to the latter, expired on June 8, 1935.   On June 4, 1935, Perry prepared a petition under P. L. 2299, as amended by sec. 1, No. 49, Acts 1935, seeking an extension of time in which to redeem, and obtained an order of notice from the chancellor on June 7.   The petition and order were served upon the Trust Company on June 11. The matter came on for hearing on June 15, and the chancellor dismissed the petition, holding that he was without jurisdiction to entertain it, because service had not been made until after the decree of foreclosure had become absolute.   An appeal was taken from this ruling.

P. L. 2299, as amended, provides that ''* * * the chancellor at the time of entering the decree of foreclosure, in his discretion, may extend the time within which the premises may be redeemed, for such period and upon such terms and conditions as may appear to him to be equitable under the existing circumstances, and at any time thereafter, upon the petition of the mortgagor or those holding under him, on notice to the mortgagee and after hearing thereon, may reopen such decree and make further orders relating thereto as in his judgment and discretion may be proper.   The provisions of this section, so far as pertinent thereto, shall apply to decrees heretofore entered where the time therein fixed for redemption has not expired on the date of such petition.''

There are two questions involved in the decision of this cause:   (1) Whether the statutory proceeding to reopen the decree must be commenced before the expiration of the period of redemption.   (2) If so, whether the mere signing of the order of notice constitutes such commencement.

■ ■ The last sentence in the statute above quoted is not applicable to the situation in this cause, since it relates only to decrees of foreclosure entered before the effective date of the act, which was February 28, 1935.   P. L. 2299, as amended, is a

part of chapter 98 of the Public Laws, known as the Act for the Relief of Worthy Debtors. An examination of the other sections of the chapter discloses that in all cases in which it is provided that the court of chancery may intervene for the protection of a debtor, action must be taken before the proceedings against him have reached the point when the enforcement of the lien has been completed. We cannot suppose that there was a different legislative intent here. The phrase ''and at any time thereafter'' does not confer a jurisdiction unlimited as to time, but refers only to the period during which the right of redemption is open and available. Although the act is remedial in nature, and so is to be liberally construed (*In re Dexter*, 93 Vt. 304, 312, 107 Atl. 134), it is clear that it is not to be interpreted as even an attempt to confer upon the chancellor the power to disturb a title to real estate vested by virtue of a decree which has become absolute according to its tenor, and concerning which no fraud, accident or mistake or other ground of invalidity is claimed or shown. No ''public emergency'' such as is declared in P. L. 2296 to be the reason for this legislation could justify a different conclusion.

So, in order to confer jurisdiction, it must appear that the proceedings were commenced before the expiration of the period of redemption. In *Blain* v. *Blain,* 45 Vt. 538, 543, it is said that ''we are not aware that the making of a writ or petition, without summons or citation, and signed by no magistrate or judicial authority, has ever been held the commencement of the suit'' and from this the appellant argues that inferentially the signing of a citation ought to be considered the commencement of the proceeding. But the general rule is that, except in the case of the statute of limitations, an action *in personam* is not treated as commenced until process is served. *Bellows, Exr.* v. *Blake,* 106 Vt. 204, 207, 170 Atl. 906, and cases cited; *Tracy* v. *Grand Trunk Ry. Co.,* 76 Vt. 313, 319, 57 Atl. 104; *McDaniels* v. *Reed,* 17 Vt. 674, 679. Until then, as is said in the case last cited, the defendant has no interest in the writ, and is in no way affected by it. We hold that the signing of the order of notice by the chancellor was not enough, and that these proceedings were not commenced until the service of the petition and order was made. The chancellor was right; he had

no jurisdiction, and could do nothing else than dismiss the petition, as he did.

It is unnecessary to decide whether a second mortgagee is a person who holds under the mortgagor, and as such is entitled to maintain a petition to reopen the decree.

*Decree affirmed and cause remanded.*