REGAN, Judge.
Plaintiffs, Eugene C. McCardle and J. McKee Gould, Jr., instituted this suit against defendant, Ernest J. Nagim, endeavoring to recover the sum of $724.26, with legal interest thereon from January 2nd, 1951, until paid, plus 10% of the principal and interest as attorneys’ fees.
Defendant answered and, in substance, denied that he was indebted to the plaintiffs in any sum whatsoever.
From a judgment in favor of plaintiffs as prayed for, defendant prosecutes this appeal. Plaintiffs answered the appeal requesting that the judgment be affirmed.
*268 The record reveals that plaintiffs were district and agency managers respectively of the American National Insurance Company and defendant was employed by the company, in conformity with a written agreement dated August 1st, 1948, as its agent to sell insurance on a commission basis.
When the defendant commenced his employment as an agent the company agreed to help defendant finance himself in order that he would have sufficient funds for his living requirements. However, this fact is denied by the defendant. In any event, the record reflects that on each occasion that defendant received a check for $150 from the company, he simultaneously executed a demand note for a similar amount payable to the order of the American National Insurance Company. It appears that the defendant executed in all eight notes, three of which were paid and five of which were unpaid and they are dated October 1st, 11th, November 1st, 11th and December 1st, 1948, each in the amount of $150 or a total of $750, against which certain credits were allowed defendant, reducing the balance thereof to $724.26. The company would not make these loans or advances to the defendant unless the plaintiffs also signed the notes as accommodation co-makers.
Plaintiffs point out that the purpose of requiring defendant to sign the notes was to protect the balance due on the sums so advanced, in the event that the commissions earned’ by 'defendant should be of an insufficient amount.
An examination of the checks received and cashed by defendant discloses that defendant endorsed each check below a printed statement reading that the check constituted full payment of the account indicated -on the back thereof, whereon títere also appears the notation “demand loan $150.00.”
The agency contract between the American National Insurance Company and defendant' reflects that defendant was employed on a commission basis and that there was no agreement whereby defendant was .to be given a guaranteed or fixed drawing .account.
When defendant terminated his employment with the American National Insurance Company he orally agreed to' liquidate the balance due on his notes by writing insurance with this company, even while employed elsewhere; however, it appears that no further commissions were earned by defendant and applied to his credit.
In the final analysis, when defendant failed to pay the company the balance which is the subject of this litigation, the company then called upon plaintiffs as co-makers of the notes for payment, they responded and each paid one-half of the balance to the company.
The record further reveals that plaintiffs did not receive any part of the $750 which was advanced by the company to defendant during the course of his employment. Plaintiffs, after making amicable demand upon defendant, from which they received no material satisfaction, brought this suit.
Defendant answered and admitted execution of the notes, but resisted the suit on the ground that (a) plaintiffs perpetrated a fraud upon him in inducing him to sign the notes and (b) in the alternative his earnings in the form of commissions were sufficient to liquidate any balance owed by him on the notes.
The trial judge in his written reasons for judgment was of the opinion that:
“The allegation of fraud set forth in the answer has not been proved.
“There is evidence of former similar transactions, in which thé notes were paid out of defendant’s earnings, which compels the court to conclude that defendant at all times knew what he was doing.”
We are in accord with these conclusions of the court, a qua.
Defendant obviously has abandoned his initial allegations of fraud and by virtue of his brief filed on appeal in this court, now assumes the position that he was never personally liable on the notes in that they were to be paid or liquidated exclusively out of his earnings or commissions as an agent for the company and that he was and has always been willing to liquidate his in *269 debtedness in that manner. To establish the logic of the foregoing conclusions defendant is guided by the cases of Lawton v. Scott, La.App., 29 So.2d 614 and Karno’s v. Schneider, La.App., 39 So.2d 851, which cases are clearly distinguishable from the present one. '
In the Lawton case it was mutually stipulated that the father of the defendant, if called as a witness, would have testified that he had specifically discussed with plaintiff and payee, Lawton, the question of whether or not the defendant would be liable on the notes which he had executed and plaintiff Lawton advised him that if defendant did not earn sufficient commission to liquidate the notes, the amounts advanced would be charged off; and the court was of the opinion that “The contents of this stipulation, in a large measure, cor-\ robórate defendant’s testimony and 'his contentions in the case and go far toward contradicting the testimony and the position of plaintiff that the advances made by him to defendant were unconditional loans.” [29 So.2d 616] More briefly, the court found that there was an express agreement to the effect that the defendant’s liability on the notes was limited to his earnings or commission as a medium of liquidating them.
In the Kamo- case there were no notes involved, however, the court was of the opinion that “The record is devoid of any express agreement by the employee to repay the excess of advances received from the drawing account over earned commissions.!’ [39 So.2d 852]
 In our opinion the rule governing these cases is concisely written in 165 A.L. R. 1367 (supplementing 57 A.L.R. 33) in the following language:
“The rule to be deduced from the authorities is that where the contract of employment provides for advances to the employee, which are to be charged to and deducted from the commissions agreed by the employer to be paid to the employee, as the same may accrue, the employer cannot, in the absence of either an express or implied agreement or promise to repay any excess of advances over the commissions earned, recover from the employee, such excess.”
In the instant case the notes constitute an express and unconditional promise by defendant to pay to the American National Insurance Company and we are, therefore,of the opinion that the defendant is liable to the plaintiffs, the accommodation comakers of the note, for $724.26, the amount paid to the American National Insurance Company by them, with interest from date of judicial demand until paid. However, the defendant is not liable for 10% of the principal and interest as attorneys’ fees. The court, a qua, presumably considered this to be a suit on the notes and, therefore, made this award based on the clause contained in the notes offered in evidence, which reads:
“In the event default is made in the payment of this note at maturity and it is placed in the hands of an attorney 'for collection, or suit is brought on the same, then an additional amount of 10% of the principal and interest of this note shall be added to the same as collection fees.”
 Counsel for plaintiffs and defendant in their original petition and answer and in their briefs filed in this court, treated this litigation as a suit on the notes. In our opinion they were in error. An accommodation maker, on paying a note, does not’ have a cause of action against the real maker of the note on the note as such, his remedy being on the implied contract of reimbursement. 5 Uniform Laws Annotated, Section 29; Kage v. Oates, Mo.App.1919, 208 S.W. 126; Bellows v. Blake, 1934, 106 Vt. 204, 170 A. 906; Bank of Baton Rouge v. Hendrix, 194 La. 478, 193 So. 713; Continental Bank & Trust Co. v. Bouterie, La. App., 169 So. 819.
Therefore, we are of the opinion that plaintiffs are not entitled to recover the fees of their counsel. Such fees are only allowed under a contract or special statutory provision.
For the- reasons assigned the judgment appealed from is amended so as to read as follows:
*270 It is hereby ordered, adjudged and decreed that there be judgment herein in favor of the plaintiffs, Eugene C. McCardle and J. McKee Gould, Jr., and against the defendant, Ernest J. Nagim, in the sum of $724.26, with legal interest from the date of judicial demand until paid and for all costs, and as thus, amended it is affirmed.
Amended and affirmed.