In re Richard J. JOHNSON, Debtor.

Timothy D. MORATZKA, Trustee for Richard J. Johnson, Debtor,
Plaintiff,

v.

LANESBORO STATE BANK, a Minnesota Corporation; First National Bank of Rushford, a United States Corporation; Bill Klingman and Billie Klingman, husband and wife; Gene Pringle; John Doe and Jane Doe; Defendants.

Bankruptcy No. 3–80–1261.
Adv. No. 80–327.

United States Bankruptcy Court,
D. Minnesota,
Third Division.

Dec. 30, 1980.

See also, Bkrtcy., 8 B.R. 371.

Timothy D. Moratzka of Moratzka, Dillon & Kunkel, Hastings, Minn., for plaintiff.

David Mitchell of Kutak, Rock & Huie, Minneapolis, Minn., for defendant, Lanesboro State Bank.

## FINDINGS OF FACT CONCLUSIONS OF LAW AND ORDER

JACOB DIM, Bankruptcy Judge.

### FINDINGS OF FACT

1. An Involuntary Petition for bankruptcy under Chapter 7 was filed on August 1, 1980.

2. An Answer was filed on August 22, 1980.

3. The debtor, Richard J. Johnson, failed to appear for discovery by the petitioning creditors and at a hearing on an Order to Show Cause. His Answer was struck by court order and an order for relief was entered on September 23, 1980.

4. Timothy Moratzka was appointed trustee on September 25, 1980.

5. On October 15, 1980, an order was entered directing the debtor to file schedules by November 10, 1980. No schedules have been filed as of December 30, 1980.

6. On December 5, 1980, the trustee filed a petition for contempt and an order to show cause why the debtor should not be held in contempt. On December 12, 1980, the trustee's petition for contempt was certified by the bankruptcy court to the district court.

7. The defendants all appear to have a recorded interest in certain real property described in Exhibit A [omitted from opinion as published].

8. In December of 1979, the defendant foreclosed on the real property. On December 19, 1979, a sale of the property to the Lanesboro State Bank was held.

9. According to the Certificate of Sale, the redemption period expires at midnight, December 30, 1980.

10. Based on statements of counsel, it appears that liens of at least $900,000.00 exist against the land which has, the trustee claims, a fair market value of at least $1,100,000.00.

11. On December 23, 1980, the trustee filed a complaint for declaratory judgment against the above-named defendants. The complaint seeks a determination that 11 U.S.C. § 362(a) stays or tolls the running of the redemption period.

12. Due to the Christmas holiday, the defendants were given only two days notice to prepare for the hearing on December 29, 1980.

13. Defendant, Lanesboro State Bank, was one of the creditors who filed the involuntary petition for bankruptcy under Chapter 7 against the debtor.

### CONCLUSIONS OF LAW

1. The extent of the stay provided by 11 U.S.C. § 362 is a question of first impression. § 362 was intended by Congress to be broad to prevent dismemberment of the debtor's estate. There exists a reasonable possibility that the trustee may succeed in his complaint.

2. The trustee must have an opportunity to reasonably determine the debtor's assets and liabilities before proceeding with the administration of the estate. Because of the debtor's lack of cooperation, the trustee is now in the process of determining what assets exist, what liabilities exist, and the nature, extent, and validity of any liens or security interests.

3. The risk of loss to the estate and the unsecured creditors thereof, due to piecemeal distribution of the estate and loss of equity in property of the estate, out-weighs the potential loss to the creditors having a secured claim on the property.

4. In order to preserve the status quo between the parties, it is necessary to prevent the termination of the redemption period. Rule 65(b) of the Federal Rules of

Civil Procedure and Rule 765 of the Bankruptcy Rules of Procedure provide for the issuance of a temporary restraining order to prevent the occurrence of irreparable and immediate harm.

5. The termination of the redemption period prior to a determination of the issues raised by the trustee is the type of immediate and irreparable harm contemplated in Rule 65(b).

6. Rule 765 provides that, as to the trustee, the provision of Rule 65(c) as to posting bond need not be complied with. In light of the equity in the property and the lack of substantive harm to the creditor-defendants, no bond shall be required of the trustee-plaintiff.

7. Under 28 U.S.C. § 1481, a Bankruptcy Court has the powers of a court of equity, and under 11 U.S.C. § 105, the Bankruptcy Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of Title 11. The trustee, under the equitable powers of this court, is entitled to a period of time beyond the expiration of the mortgage foreclosure period of redemption of December 30, 1980 to properly perform his duties, there being a showing of equitable grounds therefore.

8. No determination is made by this Order whether § 362(a) has automatically stayed the defendants so that affirmative action would have been necessary on their part by commencing an adversary proceeding in Bankruptcy Court to lift any automatic stay that said section imposes.

9. No determination is made by this Order relating to the effect of § 108 of the Bankruptcy Code which might limit a trustee's right to extend statutes of limitation.

Now Therefore, IT IS ORDERED:

1. That the defendants hereto and all of them including Lanesboro State Bank are hereby restrained and stayed from in any manner proceeding from dealing with or against any of the property described in Exhibit A attached hereto or performing any act to obtain possession of or from the estate of said property.

2. That the period of redemption of the mortgage foreclosure of said property is hereto tolled and suspended until further Order of this Court.

3. That a hearing on the complaint of the trustee shall be held on January 7, 1981 at 10 a. m.