In re Vincent Michael BRADLEY and Lucia Fulco, Debtors.

Robert KJELLERUP, Hope KJELLERUP, Plaintiffs,

and

Bradford National Bank, Plaintiff,

v.

Vincent Michael BRADLEY and Lucia Fulco, Joseph C. Palmisano, Esq., Trustee, Defendants.

Bankruptcy No. 81–00213.

Adv. Nos. 82–0002, 81–0162.

United States Bankruptcy Court, D. Vermont.

March 10, 1982.

David L. Willis, St. Johnsbury, Vt., for Robert and Hope Kjellerup.

David A. Otterman, East Corinth, Vt., for the Bradford Nat. Bank.

Jerome I. Meyers, Springfield, Vt., for debtors.

MEMORANDUM AND ORDER

CHARLES J. MARRO, Bankruptcy Judge.

The Consolidated Complaints of Robert Kjellerup and Hope Kjellerup and of the

Bradford National Bank against the Debtors for relief from automatic stay pursuant to § 362(d) of the Bankruptcy Code came on for hearing, after notice, with the following appearances:

From the records in the case, the testimony and exhibits received at the hearing, the following facts are established:

Vincent Michael Bradley and Lucia Fulco, husband and wife as debtors, filed a Petition for Relief under Chapter 13 on October 27, 1981. The plaintiffs, Robert Kjellerup and Hope Kjellerup, moved to dismiss their Petition on the grounds that they were not individuals with regular income as prescribed by § 109(e) of the Code. By Memorandum and Order entered February 17, 1982 this Court determined that the Debtors did in fact have regular income and denied the Motion to Dismiss.

The Plaintiffs are seeking relief from the automatic stay in order that Robert Kjellerup and Hope Kjellerup, as mortgagees, may institute foreclosure of certain real estate owned by the Debtors. The Bradford National Bank has already commenced foreclosure of it as second mortgagee and it seeks relief from the automatic stay so that it may enforce the Decree of Foreclosure in its favor entered by the Orange Superior Court of the State of Vermont on September 28, 1981.

The Debtors did on June 8, 1978 purchase from the plaintiffs, Robert Kjellerup and Hope Kjellerup, certain real estate situated in the Town of Newbury, County of Orange, and State of Vermont, consisting of a castle-type residence known as Moore Castle and also as "Drant Mansion," together with all of the contents in this residence, which was located on 11 acres of land more or less. The purchase price was $100,000.00 of which $15,000.00 was paid at the time of closing on June 8, 1978 and the balance of $85,000.00 was evidenced by a promissory note bearing the same date in the principal sum of $85,000.00 payable with interest at 6% in five annual installments beginning June 5, 1979. This note was secured by a first mortgage from the Debtors to Robert Kjellerup and Hope R. Kjellerup on the real estate and a security interest in all of the personal property then located in the so-called castle together with a tractor and other personal property situated outdoors and in the garage.

The Debtors made one payment of $9,000.00 on the secured note the year following the date of purchase and left a principal balance of $76,000.00 against which they made three payments each of $1,500.00 during the year 1980. The balance of principal and interest on this secured note to Robert and Hope Kjellerup as of February 11, 1982 was $84,469.32 on which there has been accruing interest at 6% of $375.03 making the balance due as of now the sum of $84,844.35.

The mortgage and security interest in favor of Robert and Hope Kjellerup have been in default since 1980.

On July 16, 1980 the Debtors d/b/a Bradley Associates executed and delivered to the Bradford National Bank a mortgage note dated July 16, 1980 in the principal sum of $112,000.00 payable quarterly with interest at 3% over the then prime rate of 11.50% beginning on the 1st of October, 1980. This note was secured by a second mortgage given by the Debtors to the Bradford National Bank on July 16, 1980 and covering the same property they purchased from Kjellerups known as the Moore Castle and Drant Mansion and also by a security interest in certain personal property as well as all other articles, furniture, furnishings, fixtures and appliances used for family, personal, or household purposes. Subsequently, the Debtors on April 27, 1981 executed and delivered to the Bradford National Bank a personal time note in the principal sum of $1,580.89 payable 90 days after date with interest at 21.88%. This note was also secured by the aforesaid real estate and personal property. The Debtors defaulted in the payment of these secured notes and, as a result, the Bank instituted foreclosure proceedings as to the mortgaged real estate and on September 28, 1981 obtained from the Orange County Superior Court an Amended Judgment of Foreclosure which provided that unless the Debtors paid to the

282

Clerk of the Court on or before March 2, 1982 for the benefit of the Bradford National Bank the sum of $134,972.29 together with interest at a per diem rate of $71.42 from August 17, 1981 they and all persons claiming under them or either of them would be foreclosed and forever barred from all equity of redemption in the premises.

To date no payment has been made to the Bradford National Bank under the Amended Judgment of Foreclosure and the balance now due under this Decree is $149,-613.89. The Amended Decree of Foreclosure has not been filed in the Office of the Town Clerk of the Town of Newbury, Vermont.

There are delinquent taxes of $3,726.80 for the year 1980–81 in the hands of the Tax Collector of Newbury, Vermont for collection.

Sometime prior to May 14, 1980 the Debtors made application to the Vermont Division for Historic Preservation to have the castle building designated as a historical landmark and as part of the commitment for restoration and matching funds, they did on that date make the property subject to certain covenants under a written Declaration of Covenants. These covenants were to remain in effect for five years and they do not take away from the marketability of the property.

The Debtors have listed the property with a broker for sale at a price of $285,000.00 subject to the payment of a commission of 10% upon consummation of the sale. This would produce a net of $256,500.00.

The castle building is well constructed and the Debtors have made considerable improvements to the property since they acquired it in June of 1978. The value of the entire complex consisting of the castle with land from a cost approach is $313,-060.00 and from a market approach, $233,-000.00. The personal property which is subject to the security interest in favor of the mortgagees has a market value of $19,-262.00. Therefore, for the purpose of determining any equity in the property the Court must necessarily take the fair market values of both the real estate and the personal property and those amount to $252,262.00. As against this sum the total indebtedness under both real estate mortgage and security interests, as of now, is $234,458.24. This leaves an equity cushion of approximately $18,000.00. The Court is aware that with the non-payment of taxes and of interest on the mortgages this equity will be dissipated at the expiration of about six months.

The castle premises are being adequately maintained by tenants to whom they have been rented.

■ Under § 362(d)(2), on request of a party in interest and after notice and a hearing, the court shall grant relief from the automatic stay such as by terminating, annulling, modifying or conditioning such stay with respect to a stay of an act against property, if the debtor does not have an equity in such property and such property is not necessary to an effective reorganization. In other words both conditions must exist; one, a lack of equity in the property, and two, that the property is not necessary for an effective reorganization.

■ From the evidence it is clear that there is equity in the property. Such being the case, the Plaintiffs are not entitled to termination of the stay. There was no evidence adduced at the hearing relative to whether the property is necessary for an effective reorganization. However, an examination of the Chapter 13 Statement would seem to indicate that the Debtors would have to liquidate the property and use the proceeds to carry out their Plan. The burden on the issue of equity in the property is upon the party seeking relief and the opposing party has the burden on all other issues. § 362(g) of the Bankruptcy Code. Since the Plaintiffs have failed to carry out their burden the stay should not be terminated. However, the Court is well aware that, as hereinabove pointed out, the equity will be dissipated within the next six months and for that reason the stay should be modified.

The Bradford National Bank pointed out that the only interest of the Debtor is an equitable one since it contends that legal title has passed to the Bank under the Amended Judgment Order of the Orange Superior Court. The pertinent Vermont Statutes as to foreclosure are § 4529 and § 4530 of Title 12, Vermont Statutes Annotated. Under § 4529 the parties obtaining the foreclosure order must record it in the office where by law a deed of the lands is required to be recorded, *within 30 days after the expiration of the time of redemption,* a certified copy of the Judgment. § 4530 provides that the foreclosure shall not transfer the title to such lands as against subsequent purchasers, mortgagees or attaching creditors, unless such copy of record or such decree or copy thereof is thus left for recording.

In the instant case the period of redemption expired on March 2, 1982, which was more than three months after the Complaint to Terminate the Stay was filed by the Bradford National Bank. The automatic stay has been in effect since the filing of the Petition under Chapter 13 by the Debtors which occurred on October 27, 1981. Therefore, since that date the mortgagees have been enjoined from taking any action whatsoever for the enforcement of payment of the mortgage indebtedness. The automatic stay prescribed by § 362 includes the issuance or employment of process of a judicial, *administrative* or other proceeding against the debtor. Therefore, the Bradford National Bank could not legally record a certified copy of its foreclosure judgment to effect a transfer against subsequent purchasers, mortgagees or attaching creditors under § 4530 of Title 12, Vermont Statutes Annotated.

It is apparent that the Debtors cannot give the mortgagees adequate protection when the equity in the property is dissipated. Accordingly, it is only equitable that the automatic stay remain in effect for no longer than six months.

### ORDER

Now, therefore, upon the foregoing,

IT IS ORDERED that the automatic stay prescribed by § 362 of the Code shall remain in full force and effect but shall terminate not later than September 10, 1982.