**In re SHEA REALTY, INC., Debtor.**

Bankruptcy No. 82–91.
Adv. No. 82–0069.

United States Bankruptcy Court,
D. Vermont.

July 8, 1982.

R. Marshall Witten, Bennington, Vt., for Williamstown Sav. Bank.

Robert E. Cummings, Jr., Bennington, Vt., for debtor.

## MEMORANDUM AND ORDER

CHARLES J. MARRO, Bankruptcy Judge.

The Application of Williamstown Savings Bank For Relief from Automatic Stay came on for hearing, after notice.

The bank in its original petition sought relief under Sec. 362(a) of the Bankruptcy Code but at the hearing it filed a motion requesting relief under Section 108(b) of the Code.

The facts appear to be undisputed. On July 9, 1981 the Bank filed a Complaint for Foreclosure of the Debtor's equity of redemption in certain real estate in Bennington Superior Court. On November 4, 1981 the Court entered judgment in favor of the bank for $217,756.80 plus interest at $71.59 per day from October 31, 1981 with the Debtor's equity of redemption expiring on May 4, 1982. In the meantime on May 3,

1982 the Debtor filed its petition for relief under Chapter 11 of the Code. The bank now contends that, pursuant to Section 108(b), unless the Debtor redeemed the property by July 2, 1982 all its rights in the property would be extinguished and the bank could proceed to take possession of the property. The Debtor disagrees and emphasizes that the automatic stay under Sec. 362 became effective upon the filing of the petition and it protects its equity of redemption until lifted by the Court after hearing.

Sec. 108(b) of the Bankruptcy Code reads as follows:

"Except as provided in subsection (a) of this section, if applicable law, an order entered in a proceeding, or an agreement fixes a period within which the debtor or an individual protected under section 1301 of this title may file any pleading, demand, notice, or proof of claim or loss, cure a default, or perform any other similar act, and such period has not expired before the date of the filing of the petition, the trustee may only file, cure, or perform, as the case may be, before the later of—

"(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; and

"(2) 60 days after the order for relief."

█ In support of its position the bank relies primarily on *In Re Jenkins*, 13 B.R. 721, 4 C.B.C.2d 1425 in which the Court pointed out that it is a fundamental principle of bankruptcy law that the property rights that form the estate under 11 U.S.C. Sec. 541 are defined by state law. This Court agrees with this observation. See 4 Collier 15th Ed. Sec. 541.02(1); *Butner v. United States*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136; *In Re Wheeler* 5 B.R. 600 (Bkrtcy.Ga.1980). The *Jenkins* Court in its interpretation of the applicable Colorado state law ruled that at the time of the filing of the Chapter 11 proceeding by the Debtor the period of redemption in the foreclosure of Debtor's mortgage had expired and that property rights cannot be revived by the Bankruptcy Court. It pointed out that if

no act of the creditor is required or involved, there is nothing stayed by the automatic stay provisions of Sec. 362. It did, nevertheless, recognize the impact of Sec. 108 which the Court said extended the period to 60 days after the petition for the performing of any act by the Debtor in possession. The Court concluded that the period of redemption was not extended by Sec. 108 but, rather, the fiduciary (in that case the Debtor in possession) was accorded an additional time to perform the act of redemption. Citing *In Re Hellenschmidt*, 5 B.R. 758 (Bkrtcy.Colo.1980) it stressed that the rights of other parties continue to be fixed by state law.

The Jenkins Court recognized that a contrary result was reached in the case of *In Re Johnson* 8 B.R. 369 (Bkrtcy.Nunn.1980) and was critical of the result by observing that the effect of further stay under Sec. 362 would be to enlarge property rights in what appeared to it to be an impermissible manner. This was pointed out in its opinion, 13 B.R. 721, 4 C.B.C.2d 1428 as follows:

"There is nothing in the legislative history which suggests that state rights existing on the date of the entry of the order for relief should be expanded. *Matter of Morse*, 8 B.R. 990 (Bkrtcy.N.J.1981); H.Rep.95–595, 95th Cong., 1st Sess. (1977) 367–368. It has long been recognized as well that state property rights which have terminated prior to the entry of an order for relief do not become property of the estate. 4 Collier on Bankruptcy ¶ 541.06 (15th ed. 1980). It has likewise been held that where property rights have terminated automatically after the petition in bankruptcy has been filed, such rights cannot be revived by the Court. If no act of the creditor is required or involved, there is nothing stayed by the automatic stay provisions of § 362. *In re Trigg*, 630 F.2d 1370 (10th Cir. 1980); *Good Hope Refineries v. Benavides*, 602 F.2d 998 (1st Cir.), cert. denied 444 U.S. 992 [100 S.Ct. 523, 62 L.Ed.2d 421] (1979); *Schokbeton Industries, Inc., v. Schokbeton Products*, 466 F.2d 171 (5th Cir. 1972)."

The *Trigg* and other cases cited are all pre-Code and involve rights which had already expired at the time of the petition for relief. Hence, they are not apposite.

The Bank also contends that in Vermont the "right" of redemption is not a property right at all in the sense of a property interest. Rather, it is an equitable rule governing such interests, a "device that removes a foreclosure from the condemnation of a forefeiture." Citing *Aldrich v. Lincoln Land Corp.* 130 Vt. 372, 376, 294 A.2d 853 (1972). The *Aldrich* Case is misread. At page 376, 294 A.2d 853 the Court said:

"The right attaches to any transaction involving a mortgage. *Earle's Admr. v. Blanchard*, 85 Vt. 288, 293–94, 81 A. 913 (1911). It operates to postpone the enforcement of the lien, and, when authorized, may be extended on timely application. *People's Trust Co. v. Billado*, 108 Vt. 27, 29, 182 A. 206 (1936). But, as that case points out, it is a right of limited duration. To hold otherwise would render the lien involved valueless, and destroy its utility as security." Underscoring supplied.

■ It necessarily follows that until the redemption period actually expires the Debtor holds a property right. This is further recognized by the statutory requirements as to recording of the judgment of foreclosure. See 12 V.S.A. § 4529, § 4530 which reads as follows:

"§ 4529. Foreclosure of equity of redemption—Recording

In the foreclosure of the equity of redemption in lands, where the time of redemption has expired, the party obtaining the foreclosure shall cause to be recorded in the office where by law a deed of the lands is required to be recorded, within thirty days after the expiration of the time of redemption, a certified copy of the judgment.—Amended 1971, No. 185 (Adj.Sess.), § 128, eff, March 29, 1972.

"§ 4530—Redemption if copy not recorded

Such foreclosure shall not transfer the title to such lands as against subsequent purchasers, mortgagees or attaching creditors, unless such copy of record or such decree or copy thereof is thus left for record, or is afterwards and prior to the acquiring of any interest in or lien on the lands by a purchaser, mortgagee or attaching creditor, left for record in like manner. If not thus left for record, such lands shall be subject to redemption by subsequent purchasers, mortgagees or attaching creditors, as though the time of redemption had not expired."

A trustee in bankruptcy is in the same position of a judicial lien creditor, Sec. 544(a)(1) of the Bankruptcy Code. The Debtor has the same rights and powers of a trustee Sec. 1107(a). As a result, until the judgment decree of foreclosure is recorded pursuant to 12 V.S.A. § 4530 the Debtor may exercise its right of redemption. It follows that the debtor's right of redemption is recognized as a property right both under the *Aldrich* case, supra, and by the above cited statutes.

This Court is not inclined to follow the holding of *In Re Jenkins*, supra. Rather it is convinced that the rationale in the *Johnson* case more accurately expresses the intent of Congress as to the purpose of the automatic stay under Sec. 362 of the Code. In its opinion the *Johnson* Court referred to the House Report No. 95–595 at page 174, U.S.Code Cong. & Admin.News 1978, pp. 5787, 6135 which reads as follows:

"The provisions in the current Bankruptcy Act for a stay of actions against the debtor and his property upon the commencement of a bankruptcy, reorganization, or repayment plan case are inadequate ... The stay is an important aspect of bankruptcy protection, and is an element of the debtor's fresh start ... The automatic stay in H.R. 8200 differs in some ways from the stays provided by the Rules of Bankruptcy Procedure today. The new stay expands coverage in some areas, reduces it in others, and clarifies many uncertain aspects of the current provisions."

Then again the Court refers to House Report at page 340, U.S.Code Cong. & Admin.News 1978, p. 6296–6297 which states:

"The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harrassment, and *all foreclosure actions...* The automatic stay also provides creditor protection. Without it, certain creditors would be able to pursue their own remedies against the debtor's property. Those who acted first would obtain payment of the claims in preference to and to the detriment of other creditors. Bankruptcy is designed to provide an orderly liquidation procedure under which all creditors are treated equally. (Emphasis added)."

As to the redemption period in the foreclosure of a mortgage the Court said at 8 B.R. 371, 3 C.B.C.2d 573:

"The redemption period is a necessary step in the foreclosure proceeding. Until the completion of the redemption period, the debtor has a right to the possession and use of the property. The continued running of the redemption period, after the filing of the petition, is 'the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case' contrary to § 362(a)(2). It also is contrary to § 362(a)(3) which stays 'any act to obtain possession of property of the estate or of property from the estate'. § 362(a)(4) would also bar the running of the redemption period as an 'act to create, perfect, or enforce any lien against property of the estate'."

Observing that the automatic stay provisions of Sec. 362(a) of the Code must be construed liberally to give full protection to the debtor and creditors the Johnson court concluded that sub-sections (a)(2), (3) and (4) of Section 362 would be violated by the continued running of the redemption period in a mortgage foreclosure action. This Court is in agreement especially since, in this state, the equity of redemption is a substantial right vested in the debtor as of the date of the filing of its petition for relief and, as pointed out in the *Aldrich* case, supra, it operates to postpone the enforcement of the mortgage lien.

More recently the *Johnson* case was followed by the Bankruptcy Court for the Eastern Division of the North District of Iowa; See *In Re H. & W. Enterprises, Inc.,* 19 B.R. 582, 8 B.C.D. 1373. In this case the Court pointed out that Sec. 108(b) of the Code could be construed as coming into play after suspension of the running of a state redemption period by Sec. 362(a) and the 60 day period prescribed by Sec. 108(b) would not begin to run until after the stay was lifted. With such a reading the Court observed there is no conflict between Sec. 108(b) and Sec. 362(a). However this may be, this Court is more inclined to agree with the following conclusion reached by the Court in the *H. & W. Enterprises, Inc.* case 19 B.R. 582, 8 B.C.D. at page 1376:

"As has been noted, the intended effect of the automatic stay provisions of 11 U.S.C. § 362(a) is to preserve the status quo as of the date of the commencement of the bankruptcy proceedings. Allowing a state law redemption period to expire after the commencement of the bankruptcy proceeding alters this status quo and is thus inconsistent with the purpose of 11 U.S.C. § 362(a). The Court concludes, therefore, that the running of the state law redemption period was tolled or suspended upon the filing of the debtor's bankruptcy petition."

Also following *In Re Johnson,* Supra, thereby establishing a majority view, is *In Re Dohm* 14 B.R. 701. Accordingly, this Court concludes that Sec. 108(b) has no effect on the automatic stay prescribed by Sec. 362(a) and the petitioner may not proceed with completion of foreclosure of its mortgage until the stay is lifted in accordance with Sec. 362(d)(2) of the Code.

### ORDER

Upon the foregoing, IT IS ORDERED:

1. The Motion of Williamstown Savings Bank for relief under Section 108(b) of the Bankruptcy Code is DISMISSED.

2. The final hearing on the application of Williamstown Savings Bank for relief

from automatic stay under Sec. 362 of the Bankruptcy Code shall be held on July 9, 1982 at 10:00 A.M. at the Vermont District Court, 92 State Street, Rutland, Vermont.