In re L.H. AND A. REALTY, INC., Debtor.

FIRST NATIONAL BANK OF VERMONT, Plaintiff,

v.

L.H. AND A. REALTY, INC., Defendant.

Bankruptcy No. 82–00136.
Adv. No. 82–0114.

United States Bankruptcy Court,
D. Vermont.

Sept. 30, 1982.

Edward R. Zuccaro, St. Johnsbury, Vt., for First Nat. Bank of Vt.

David F. Kelley, Montpelier, Vt., for debtor.

## MEMORANDUM AND ORDER

CHARLES J. MARRO, Bankruptcy Judge.

The Complaint of the First National Bank of Vermont to Dismiss the Automatic Stay and the Motion of the Debtor to Dismiss the Complaint came on for continued hearing.

From the testimony and exhibits introduced at said hearing the following facts are established:

On October 14, 1977 the Debtor, L.H. and A. Realty, Inc., executed and delivered to the First National Bank of Springfield (now the First National Bank of Vermont) a mortgage deed on the "New Avenue Hotel" premises to secure payment of the principal sum of $32,500.00. This was followed by two subsequent mortgages to the Bank from the Debtor, one dated March 12, 1979 to secure payment of the sum of $200,000.00 and another dated August 10, 1979 to secure payment of $330,000.00. Said mortgages contained "future indebtedness clauses," and the Debtor defaulted in payments due under said mortgages with the result that the Bank instituted foreclosure proceedings in the Caledonia Superior Court and obtained a Judgment and Decree of Foreclosure and Order for Judicial Sale entered by the Superior Court on November 2, 1981 under which the Debtor was required to redeem the equity of redemption in the premises by April 15, 1982. The Debtor failed to redeem within the time prescribed in the Judgment and on June 17, 1982 it

filed its Petition for Relief under Chapter 11 of the Bankruptcy Code. Subsequently, on July 30, 1982 the Caledonia Superior Court issued a Certificate of non-redemption under which the Debtor and the other defendants to the foreclosure action were foreclosed and forever barred from any and all equity in the mortgaged premises.

The mortgage indebtedness consisting of mortgage interest and delinquent taxes is $413,760.03 and the fair market value of the "New Avenue Hotel" premises is $429,-640.00. This results in an equity cushion of about $15,000.00 which will be dissipated by the accruing interest per diem rate of $109.42 from July 20, 1981 in accordance with the foreclosure decree.

The right of the Bank to relief from the automatic stay is prescribed in Section 362(d)(2) of the Bankruptcy Code. This provides that on request of a party in interest and after notice and a hearing, the court shall grant relief from the automatic stay such as by terminating, annulling, modifying or conditioning such stay with respect to a stay of an act against property, if the debtor does not have an equity in such property and such property is not necessary to an effective reorganization. In other words both conditions must exist; one, a lack of equity in the property, and two, that the property is not necessary for an effective reorganization.

From the evidence it is clear that there is equity in the property although the cushion will expire in the near future. The Debtor, however, contends that the existence of equity should inure to its benefit especially since it claims that the property is necessary for an effective reorganization. The Court is not satisfied that the evidence supports this contention. The testimony in behalf of the Debtor was overly optimistic and speculative. Its contemplated plan under Chapter 11 was one of liquidation and up to the date of the hearing, the most it could produce towards consummation was a prospect with no definite commitment who would possibly make an offer of $550,000.00 for the property but with prospective financing limited to $80,000.00. For all prac-tical purposes this proposition was visionary and militated against any claim that the property was necessary for an effective reorganization. Further, the Bank is objecting to the stay as a matter of law.

Citing *Butner v. United States,* 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979), the Bank appropriately points out that property interests are not defined by bankruptcy law but by state law. It then argues that under the laws of the State of Vermont, the Debtor has no further interest in the property since it terminated after the expiration of the time of redemption. The Court does not agree. It is true that the equity of redemption expired before the Debtor filed its Petition for Relief. However, the Certificate of Non-redemption was not issued by the State Superior Court prior to this time.

The pertinent Vermont Statutes as to foreclosure are § 4529 and § 4530 of Title 12, Vermont Statutes Annotated. Under § 4529 the parties obtaining the foreclosure order must record it in the office where by law a deed of the lands is required to be recorded, *within 30 days after the expiration of the time of redemption,* a certified copy of the Judgment. § 4530 provides that the foreclosure shall not transfer the title to such lands as against subsequent purchasers, mortgagees or attaching creditors, unless such copy of record or such decree or copy thereof is thus left for recording.

Up to the present time the Certificate of Non-redemption has not been filed by the Bank in the proper town clerk's office. In fact it is enjoined from doing so by virtue of the automatic stay prescribed by § 362 of the Code. This includes the issuance or employment of process of a judicial *administrative* or other proceeding against the debtor. Therefore, the Bank cannot as of now legally record a certified copy of its foreclosure judgment to effect a transfer against subsequent purchasers, mortgagees or attaching creditors under § 4530 of Title 12, Vermont Statutes Annotated. A trustee in bankruptcy is in the same position of a judicial lien creditor. § 544(a)(1) of the

Bankruptcy Code. A debtor who has filed for relief under Chapter 11 has the same rights and powers of a trustee. § 1107(a). As a result until the judgment decree of foreclosure is recorded pursuant to 12 V.S.A. § 4530 the debtor may exercise its right of redemption. This Court has so held on two previous occasions. See *In Re Bradley, et al.,* 18 B.R. 280, 283; *In Re Shea Realty, Inc.,* 21 B.R. 790, 792.

Since there is some equity in the mortgaged property the Bank is not entitled to an absolute termination of the automatic stay. However, the lack of a substantial equity cushion entitles it to a modification. The Debtor has indicated that it will accept a termination of the stay effective October 15, 1982.

### ORDER

Now, therefore, upon the foregoing it is

ORDERED that the automatic stay prescribed by § 362 of the Code shall remain in full force and effect until October 15, 1982 when it shall terminate and the Bank may then proceed to record its Certificate of Non-redemption and conclude its foreclosure proceedings.